1 STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
2 LISA M. SIMONETTI (State Bar No. 165996)
JASON S. YOO (State Bar No. 261114)
3 2029 Century Park East, Suite 1600
Los Angeles, California  90067-3086
4 Telephone: 310-556-5800
Facsimile: 310-556-5959
5
Attorneys for Defendant
6   AMERICAN EXPRESS COMPANY

7
**UNITED STATES DISTRICT COURT**
8
**SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| KARIN O'BRIEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY,<br><br>Defendant. | Case No. 3:11-cv-01822-BTM-BGS<br><br>**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING ON UTAH LAW REGARDING UNCONSCIONABILITY**<br><br>Hon. Bernard G. Skomal<br><br>Complaint Filed:  August 16, 2011 |

Defendant American Express Company ("American Express") hereby responds to the Supplemental Brief submitted by plaintiff Karin O'Brien ("Plaintiff").  In her Supplemental Brief, Plaintiff addresses the Utah law that governs unconscionability analysis with respect to formation of contracts.  What Plaintiff omits, though, is any explanation of how that legal analysis could relate to the requested discovery.  The reason for this is straightforward:  the legal analysis does not pertain whatsoever to the requested discovery.  Plaintiff's discovery is not directed to an unconscionability challenge based on the formation of her arbitration agreement with American Express.

As described more fully in the pending Motion to Compel Arbitration, the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), allows arbitration-related discovery only if a party raises unconscionability as a defense to the formation of the arbitration agreement itself.  Here, very simply, none of the discovery sought by Plaintiff relates to "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same."  See Simula, Inc. v. Autoliv, Inc.,

-1-
RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING

LA 51491927v2

175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4).  Instead, the requested discovery relates to the purported unconscionability of the arbitration provision <u>because</u> it requires arbitration on an individual basis.  Plaintiff requests discovery regarding, for instance:

- The drafting and purpose of the class action waiver.
- Prior individual arbitration costs and results against American Express.
- Relationships between American Express and the proposed arbitrators.
- The case names, numbers, courts and outcome of American Express's prior attempts to compel arbitration and whether the arbitration clause was found unconscionable.
- The number of class actions that American Express has brought against its card holders.

Pursuant to <u>AT&T Mobility LLC v. Concepcion</u>, __ U.S. __, 131 S. Ct. 1740, 1748, 179 L. Ed. 2d 742 (2011), the FAA preempts precisely the type of unconscionability challenge that Plaintiff obviously would purport to pursue – <u>i.e.</u>, based on the requirement of arbitration itself.  Accordingly, the question is not whether California or Utah law applies.  None of the discovery requested by Plaintiff pertains to the type of general contract formation inquiry that is permitted.  Indeed, Utah Code Annotated § 70C-7-106 and <u>Bekins Bar V Ranch v. Huth</u>, 664 P.2d 455 (Utah 1983) – both cited by Plaintiff – deal with unconscionability as a generally applicable contract defense (<u>i.e.</u>, with respect to the formation of contracts), while her requested discovery specifically challenges the application of an arbitration provision.  The Supreme Court in <u>AT&T Mobility</u> ruled that this type of unconscionability challenge is not permissible.  Therefore, Plaintiff's discovery request must be denied.

Dated:  December 9, 2011                                    Respectfully submitted,

                                                                              STROOCK & STROOCK & LAVAN LLP
                                                                              JULIA B. STRICKLAND
                                                                              LISA M. SIMONETTI
                                                                              JASON S. YOO


                                                                              By: /s/ *Lisa M. Simonetti*
                                                                                              Lisa M. Simonetti

                                                                              Attorneys for Defendant
                                                                                  AMERICAN EXPRESS COMPANY

-2-
RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING

LA 51491927v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2011, a copy of the foregoing **RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING ON UTAH LAW REGARDING UNCONSCIONABILITY** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By:  /s/  *Lisa M. Simonetti*
Lisa M. Simonetti