UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN O'BRIEN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br><br>Defendant. | Civil No.   11-CV-1822-BTM (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

On October 12, 2011, Defendant American Express Company filed a motion to compel arbitration and stay action. (Doc. No. 6.) Plaintiff Karin O'Brien moves ex parte to compel discovery related to this motion. (Doc. No. 8.) American Express filed a response in opposition. (Doc. No. 11.) After receiving the parties' papers, the Court requested supplemental briefing to address how the arbitration agreement's Utah choice-of-law provision affects Plaintiff's request for discovery. (Doc. No. 12.) Plaintiff filed her supplemental brief on December 1, 2011 (Doc. No. 13) and Defendant filed its response to the supplemental brief on December 9, 2011 (Doc. No. 15).

**Relevant Background**

Plaintiff brought this putative class action pursuant to the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, alleging that American Express is contacting Plaintiff on her cellular telephone without her express prior consent in violation of the TCPA. (Doc. No. 1.) American Express asserts that pursuant to an arbitration provision in Plaintiff's Cardmember Agreement, Plaintiff is required to arbitrate her claims in this action against American Express on an

individual basis. (Doc. No. 6-1 at 1.)

Plaintiff seeks discovery on the making of the arbitration agreement and on whether the agreement is unconscionable. (Doc. No. 8 at 2-3.) American Express opposes any discovery, arguing that the formation of the agreement to arbitrate is not at issue, Plaintiff seeks information to support unconscionability arguments preempted by the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, – U.S. –, 131 S.Ct. 1740 (2011), Plaintiff seeks inappropriate class discovery, and Plaintiff seeks discovery that is publicly available or should be in Plaintiff's possession.[1] (Doc. No. 11.)

**Discussion**

**I. Discovery into the Formation of the Arbitration Agreement**

In general, under the Federal Rules of Civil Procedure, any matter relevant to a claim or a defense is discoverable. Fed.R.Civ.P. 26(b)(1). The broad scope of discovery under Rule 26(b)(1) encompasses any matter that bears upon, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Despite the broad scope of discovery normally allowed in civil actions under the Federal Rules, the Federal Arbitration Act ("FAA") limits the scope of discovery permitted in connection with a motion to compel arbitration. The FAA provides for discovery in connection with a motion to

---

[1] The Court notes that Defendant has not argued that the question of the arbitrability of Plaintiff's claims is reserved for an arbitrator and therefore Plaintiff's request for discovery should be heard by an arbitrator. Before compelling arbitration, courts must first consider whether the parties' agreement reserved for the arbitrator questions regarding the validity and/or enforceability of the arbitration agreement itself. *See Laguna v. Coverall N. Am., Inc.*, 2011 WL 3176469, at *4 (S.D.Cal. July 26, 2011). After reviewing the arbitration provision at issue, it appears that the question of arbitrability is not reserved for an arbitrator to decide, as the provision states in relevant part:

> This Arbitration provision sets forth the circumstances and procedures under which claims may be arbitrated instead of litigated in court.
> **Definitions**
> As used in this Arbitration provision, the term claim means any claim, dispute or controversy between you and us arising from or relating to your Account, this Agreement, the Electronic Funds Transfer Services Agreement, and any other related or prior agreement that you may have had with us, or the relationships resulting from any of the above agreements, *except* for the validity, enforceability or scope of this Arbitration provision.

(Doc. No. 6-2, Axelrod Decl., Ex. A at 6 (emphasis added).) Therefore, the Court decides the issue of the validity and/or enforceability of the arbitration provision and can reach the merits of Plaintiff's request for discovery.

1  compel arbitration only if "the making of the arbitration agreement or the failure, neglect, or refusal
2  to perform the same be in issue." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999) (citing
3  9 U.S.C. § 4).

4  Plaintiff's motion for discovery seeks discovery into the making/formation of the arbitration
5  provision.  American Express argues that the formation of the agreement to arbitrate is not at issue
6  because Plaintiff accepted the terms of the Cardmember Agreement, including the arbitration
7  agreement, by using her credit card, and therefore Plaintiff is not entitled to discovery under the FAA.
8  (Doc. No. 11 at 3.)  However, Plaintiff asserts that American Express, in connection with its motion
9  to compel arbitration, presented a complicated set of facts surrounding the formation, amendment,
10 notification, and servicing of Plaintiff's American Express Gold Card account that opened in 1988.
11 (Doc. No. 8 at 1-2.) Plaintiff, due to the complexity of the decades-long relationship between the
12 parties and the volume of documents involved, seeks discovery related to the formation and
13 amendment of the agreement. (*Id.*)  Plaintiff requests discovery on "the manner, method, and means
14 by which AEC card holders were notified of amendments to their card member agreements" and
15 "communications by and between Plaintiff and AEC."  (Doc. No. 8 at 4.)   The Court finds this
16 discovery is relevant to the formation or making of the agreement and grants Plaintiff's request to take
17 this limited discovery.

18 **II.  Discovery into Unconscionability**

19 Plaintiff also seeks to take discovery to support an unconscionability defense to the
20 arbitration agreement.  American Express argues that after the Supreme Court case of *Concepcion*,
21 an arbitration agreement containing a class action waiver can no longer be found unconscionable and
22 therefore invalid based upon the waiver. (Doc. No. 11 at 2.)  American Express asserts that because
23 this defense is no longer available to a party opposing a motion to compel arbitration, Plaintiff's
24 request for discovery on the issue of unconscionability must fail.

25 The Court disagrees.  In *Concepcion*, the Supreme Court held that the FAA preempts
26 California's unconscionability law regarding exemption of certain claims from arbitration, at least for
27 actions in federal court.  *Concepcion* declared that states cannot refuse to enforce arbitration
28 agreements based on public policy. 131 S.Ct. at 1746, 1752 (holding that the rule set forth in

1  *Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005), is preempted by the FAA because it is
2  inconsistent with the FAA's purposes, despite "its origins in California's unconscionability doctrine
3  and California's policy against exculpation").  Prior to *Concepcion*, the *Discover Bank* rule was
4  consistently applied to render any consumer contract of adhesion containing a class action waiver
5  unconscionable. Following *Concepcion*, "Plaintiff can no longer rely on California's *Discovery Bank*
6  rule to assert that the arbitration agreement is substantively unconscionable merely because it includes
7  a class action waiver."  *Hamby v. Power Toyota Irvine*, 798 F.Supp.2d 1163, 1164 (S.D.Cal. 2011)
8  (citations omitted).

9  However, *Concepcion* also reaffirmed that the FAA "permits agreements to arbitrate to be
10 invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,'
11 [although] not by defenses that apply only to arbitration or that derive their meaning from the fact that
12 an agreement to arbitrate is at issue."  *Concepcion*, 131 S.Ct. at 1746 (citation omitted).  Based on
13 these available defenses to the validity of an arbitration agreement, courts have permitted parties
14 opposing a motion to compel arbitration to take discovery on the unconscionability of an arbitration
15 provision, including ones with class action waivers, post-*Concepcion*.  *See Hamby*, 798 F.Supp.2d
16 at 1165 (permitting discovery on unconscionability as a generally applicable contract defense after
17 *Concepcion*); *Newton v. Clearwire Corp.*, 2011 WL 4458971 (E.D.Cal. Sept. 23, 2011) (discussing
18 *Concepcion* and finding plaintiff entitled to much of the discovery she sought because it was relevant
19 to her argument that the arbitration clause at issue produces overly harsh or unjustifiably one-sided
20 results, and therefore is unconscionable); *Hess v. Sprint Spectrum, L.P.*, 2012 WL 37399 (W.D.Wash.
21 Jan. 9, 2012) (permitting sixty days of discovery on the alleged unconscionability of the arbitration
22 clauses).

23 In this case, Plaintiff seeks discovery to make the case that the arbitration provision at issue
24 is unconscionable and therefore unenforceable.  "[I]n assessing whether an arbitration agreement or
25 clause is enforceable, the Court should apply ordinary state-law principles that govern the formation
26 of contracts."  *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007).  What law applies
27 to the Cardmember Agreement and arbitration provision at issue has not yet been decided by Judge
28 Moskowitz.   The parties address California law on unconscionability in their briefs.  Because the

Cardmember Agreement contains a Utah choice-of-law provision, the Court requested supplemental briefing on Utah's state law regarding unconscionability. Without deciding which law governs the formation of the contract at issue, the Court will address Plaintiff's request for discovery under both California and Utah law on unconscionability.

### A. California Law on Unconscionability

California Civil Code section 1670.5(a) allows the court to refuse to enforce all or part of a contract if the court finds as a matter of law that the contract or any clause of the contract was unconscionable at the time it was made. Cal. Civ.Code § 1670.5(a). "Unconscionability has both a procedural and substantive element." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 114 (2000) (quotations and citations omitted).

The procedural element focuses on "oppression" or "surprise." *Id.* (quotations and citations omitted). "'Oppression' arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice.'" *Bruni v. Didion*, 160 Cal.App.4th 1272, 1288 (2008) (quotations and citations omitted). "'Surprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." *Id.* (quotations and citations omitted). The substantive element of unconscionability focuses on "overly harsh" or "one-sided" results. *Armendariz*, 24 Cal.4th at 114 (quotations and citations omitted). "A contract is largely an allocation of risks between the parties. A contractual term is substantively suspect if, viewed at the time the contract was formed, it allocates the risks in an unreasonable or unexpected manner." *Zullo v. Superior Court*, 197 Cal.App.4th 477, 484 (2011) (citation omitted). Both elements must be present to invalidate a contract for unconscionability, but they need not be present in equal parts. *Id.* "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 24 Cal.4th at 114.

California Civil Code section 1670.5(b) provides that "[w]hen it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination." Cal. Civ.Code § 1670.5(b). Under this provision, courts have

permitted a party opposing a motion to compel arbitration to obtain discovery relevant to the issue of unconscionability. *See Hamby*, 798 F.Supp.2d at 1164; *Newton*, 2011 WL 4458971 at *5-6. Therefore, under California law, Plaintiff may obtain limited discovery to make the argument that the arbitration agreement is unconscionable.

### B. Utah Law on Unconscionability

In Utah, consumer credit agreements are governed by the provisions of the Utah Consumer Credit Code ("UCCC"), which states in pertinent part that "if the court finds the agreement or any part of the agreement to have been unconscionable at the time it was made, the court may refuse to enforce the agreement, or it may enforce the remainder of the agreement without the unconscionable clause if that will avoid any unconscionable result." Utah Code Ann. §70C-7-106(1) (2009). As in California, a two-pronged analysis is used to determine whether a contract is unconsciona-ble–substantive and procedural unconscionability. *See Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 402 (Utah 1998) (citing *Sosa v. Paulos*, 924 P.2d 357, 360 (Utah 1996)).

Substantive unconscionability focuses on the contents of the agreement and examines the relative fairness of the obligations assumed. *Id.* (citing *Sosa*, 924 P.2d at 361; *Resource Management Co. v. Weston Ranch*, 706 P.2d 1028, 1041 (Utah 1985)). In determining substantive unconscionability, a court considers "whether a contract's terms are so one-sided as to oppress or unfairly surprise an innocent party or whether there exists an overall imbalance in the obligations and rights imposed by the bargain ... according to the mores and business practices of the time and place." *Id.* (internal quotations and citations omitted). Procedural unconscionability focuses on the formation of the agreement and the circumstances of the parties to determine if there was "overreaching by a contracting party occupying an unfairly superior bargaining position." *Id.* at 403 (citations omitted). Factors courts consider in determining procedural unconscionability include:

> (1) whether each party had a reasonable opportunity to understand the terms and conditions of the agreement; (2) whether there was a lack of opportunity for meaningful negotiation; (3) whether the agreement was printed on a duplicate or boilerplate form drafted solely by the party in the strongest bargaining position; (4) whether the terms of the agreement were explained to the weaker party; (5) whether the aggrieved party had a meaningful choice or instead felt compelled to accept the terms of the agreement; and (6) whether the stronger party employed deceptive practices to obscure key contractual provisions.

*Id.* at 403 (citing *Sosa*, 924 P.2d at 362). No one factor is dispositive and all are considered in light of the purpose of the unconscionability doctrine to prevent oppression and unfair surprise. *Id.* at 403.

The UCCC provides that "[i]f it is claimed or appears to a court that a consumer credit agreement or any part of it may be unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to its setting, purpose, and effect to aid the court in making the determination." Utah Code Ann. §70C-7-106(2). This provision mandates that "the trial court consider relevant facts before holding that a contractual provision in a consumer credit contract is unenforceable due to unconscionability." *Knight Adjustment Bureau v. Lewis*, 228 P.3d 754, 757 (Utah App. 2010). This Utah provision is nearly identical to California Civil Code section 1670.5(b), which courts have interpreted as permitting a party opposing a motion to compel arbitration to take limited discovery. Defendant has cited no authority for the proposition that a party is not permitted to take limited discovery under this provision when opposing a motion to compel arbitration. Therefore, under Utah law, Plaintiff may likewise obtain limited discovery to make the argument that the arbitration agreement is unconscionable.

**C. Plaintiff's Discovery Requests**

As Plaintiff may obtain limited discovery to make the argument that the arbitration agreement is unconscionable under either California or Utah law, the Court will evaluate Plaintiff's discovery requests. Plaintiff seeks the following discovery in relation to her unconscionability argument:

1. The number of class actions Defendant has brought against its card holders;
2. The procedures, rules, and costs of the proposed arbitrators;
3. Defendant's relationships with the proposed arbitrators, such as contracts and other business dealings;
4. The drafting and purpose of the class action waiver;
5. Prior individual arbitration costs and results against Defendant;
6. The case names, numbers, courts, and outcome of Defendant's prior attempts to compel arbitration and whether the arbitration clause was found unconscionable;
7. The case names, numbers, courts, and outcome of individual cases brought in court or through arbitration regarding Telephone Consumer Protection Act claims;
8. The approximate number of telephone calls placed by Defendant or its agents, contractors, debt collectors, or subsidiaries, to cell phone numbers during the four years preceding the filing of this Complaint;
9. The manner, method, and means by which AEC card holders were notified of amendments to their card member agreements; and

1              10.     Communications by and between Plaintiff and AEC.

2    (Doc. No. 8 at 3-4.)

3              After reviewing these requests in light of the law on unconscionability outlined above, the Court **ORDERS AS FOLLOWS**:

5              1.      The Court finds that categories 1-3 are relevant to the issue of unconscionability. The number of class actions brought by American Express, the procedures, rules and costs of arbitrators, and American Express's relationships with the arbitrators are relevant to substantive unconscionability. These topic areas are relevant to whether the arbitration agreement at issue is one-sided.  Plaintiff may serve discovery on these categories limited to the time period covering the proposed class in this case.[2]

11             2.      The Court denies without prejudice Plaintiff's request for category 4. Plaintiff has not outlined the relevance of the drafting and purpose of the class action waiver as it relates to substantive or procedural unconscionability.

14             3.      The Court denies Plaintiff's request for category 5. The Court finds Plaintiff's request for prior individual arbitration costs duplicative of category 2 and overly burdensome given the proposed nationwide class in this case with tens of thousands of potential plaintiffs. (*See* Doc. No. 1 ¶2.) The Court also finds Plaintiff's request for arbitration results duplicative of Plaintiff's request for the outcomes of arbitration in category 7.

19             4.      The Court finds category 6 relevant only as to cases where a finding of unconscionability was or was not made as this would be circumstantial proof that the agreement at issue in this case is also unconscionable. However, these cases are public records. Therefore, the Court will allow discovery limited in scope and tailored only to TCPA cases where attempts to compel arbitration were made by American Express during the time period covering the proposed class in this case. American Express need only respond by providing the case name, case number, and court. Plaintiff will have the burden to determine the outcome of any motions to compel arbitration as they

---

[2] This time period is limited to the four years preceding the filing of the Complaint. The Complaint in this case was filed on August 16, 2011.  (Doc. No. 1.)

1 are of public record and this request is overly burdensome on American Express given the size and
2 scope of the proposed nationwide class.

3       5. The Court finds Plaintiff's category 7 request for individual cases brought through
4 arbitration regarding the TCPA relevant and will allow Plaintiff to propound discovery into the name
5 of the case, number of case, and outcome of case. "In determining whether an arbitration agreement
6 is sufficiently bilateral, courts assessing California law look beyond the facial neutrality and examine
7 the actual effects of the challenged provision." *Ting v. AT&T*, 319 F.3d 1126, 1149 (9th Cir. 2003)
8 (citations omitted). Although Plaintiff does not detail how this request is relevant to her
9 unconscionability argument, this Court in *Hamby* permitted limited discovery in this area in order for
10 the plaintiff to show the actual results of the arbitration are manifestly one-sided and therefore
11 substantively unconscionable. (*See Hamby v. Power Toyota Irvine*, case no. 11-cv-544-BTM (BGS),
12 Doc. No. 31.) If the arbitration results consistently favor American Express over plaintiffs, this would
13 be circumstantial proof of substantive unconscionability. However, given the proposed nationwide
14 size and scope of this class action, the Court limits Plaintiff's requests for individual arbitration cases
15 and outcomes to cases within the limited time period of the proposed class in this case and only as to
16 cases involving a TCPA claim.

17       6. The Court denies Plaintiff's category 7 request for case names, numbers, courts,
18       and
19 outcome of individual cases brought in court regarding the TCPA. Plaintiff has not provided any
20 argument as to the relevance of this discovery. The Court finds statistics could be relevant to the
21 argument that no one brings an individual TCPA action in court due to costs and therefore the class
22 action waiver provision is one-sided. However, the Court finds that such discovery is overly
23 burdensome given that Plaintiff has other avenues to make this argument to the Court and that such
24 cases are public record and equally accessible to Plaintiff as to American Express.

25       7. The Court denies Plaintiff's request for category 8. In category 8, Plaintiff seeks
26 the approximate number of telephone calls placed by Defendant or its agents, contractors, debt
27 collectors, or subsidiaries, to cell phone numbers during the four years preceding the filing of the
28 Complaint. The Court does find category 8 tangentially relevant for purposes of opposing a motion

to compel arbitration using a defense of unconscionability as it could go towards showing that the agreement at issue is one-sided or allocates risks in an unreasonable or unexpected manner. However, at this stage in the proceedings, the Court finds the likely benefit of this information is outweighed by the burden and expense of producing this information.   Fed.R.Civ.P. 26(b)(2)(C). Culling American Express's records to locate and identify on a nation-wide basis telephone calls made to cellular telephones by Defendant or any of its agents, contractors, debt collectors, or subsidiaries in the four years preceding the Complaint in this action is a substantial inquiry that goes beyond limited discovery permitted in connection with a motion to compel arbitration. Additionally, this discovery is much more relevant to class certification or merits discovery, which is not appropriate at this stage in the proceedings.

8. The Court finds categories 9-10 relevant to the issue of procedural unconscionability, as they concern the formation of the arbitration agreement and may shed light on whether there was no real negotiation or an absence of meaningful choice in the formation of the agreement.  Therefore, Plaintiff may take limited discovery on categories 9-10 to the extent Plaintiff seeks information related only to the arbitration agreement at issue in this case.

**Conclusion**

The Court, for the reasons set forth above, grants in part and denies in part Plaintiff's motion to compel discovery:

1. Plaintiff may serve, as specifically limited and outlined above, written discovery on categories 1-7 and 9-10 identified in her motion to compel discovery. (*See* Doc. No. 8 at 3-4);

2. All of the discovery outlined above is to be completed on or before **July 9, 2012**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court expects counsel to make every effort to resolve all disputes without court intervention. The parties are

1  to consult and follow Judge Skomal's Chambers' Rules regarding discovery
2  disputes; and

3. Following completion of discovery, Plaintiff's response in opposition to the motion to compel arbitration is to be filed no later than **July 23, 2012**. Defendant's reply is due no later than **July 30, 2012**. A hearing on Defendant's motion to compel arbitration shall be held on **August 10, 2012** at **11:00 a.m.** before Judge Moskowitz. Per Judge Moskowitz's Chambers' Rules, there will be **no oral argument** unless ordered by the Court.

**IT IS SO ORDERED**.

DATED: May 8, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge