1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  LISA M. SIMONETTI (State Bar No. 165996)
   JASON S. YOO (State Bar No. 261114)
3  2029 Century Park East, Suite 1600
   Los Angeles, California  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5
   Attorneys for Defendant
6    AMERICAN EXPRESS COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  KARIN O'BRIEN, on behalf of herself and all          Case No. 3:11-cv-01822-BTM-BGS
    others similarly situated,
12                                                        [Assigned to the Hon. Barry T. Moskowitz]

13              Plaintiff,

14        vs.                                             **MEMORANDUM OF POINTS AND**
                                                          **AUTHORITIES IN SUPPORT OF**
15  AMERICAN EXPRESS COMPANY,                             **MOTION FOR REVIEW OF**
                                                          **MAGISTRATE'S ORDER PURSUANT TO**
16              Defendant.                                **FED. R. CIV. P. 72(A)**

17                                                        Date:     July 27, 2012
                                                          Time:     11:00 a.m.
18                                                        Courtroom: 15

19                                                        **Per Chambers, No Oral Argument Unless**
                                                          **Requested By The Court**
20
                                                          [Notice of Motion and Motion For Review of
21                                                        Magistrate's Order  and Appendix of
                                                          Authorities filed and Proposed Order lodged
22                                                        concurrently]

23                                                        Complaint Filed:  August 16, 2011

24

25

26

27

28

LA 51540491v7

1

## TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION ................................................................................................1

II.     PROCEDURAL HISTORY ...............................................................................2

        A.      The Complaint ................................................................................2

III.    THE ARBITRATION MOTION .....................................................................3

        A.      The Discovery Motion .................................................................4

        B.      The Magistrate's Order ..............................................................5

IV.     THE MAGISTRATE'S ORDER SHOULD BE REVERSED BECAUSE
        PLAINTIFF HAS FAILED TO DEMONSTRATE ANY ENTITLEMENT TO
        DISCOVERY CONCERNING THE ARBITRABILITY OF HER CLAIMS. ..................6

        A.      Standard Of Review ....................................................................6

        B.      Plaintiff Has Not Placed The "Making" Of The Arbitration Provision "In
                Issue" Under The FAA. ..............................................................7

                1.      The FAA Requires The Party Resisting Arbitration To Demonstrate
                        That The Making Of The Arbitration Is "In Issue" Before Limited
                        Discovery May Be Allowed. ...............................................7

                2.      The Formation Of The Arbitration Provision Is Not "In Issue." ...............9

                3.      Unconscionability Also Is Not "In Issue." ...............................11

        C.      Plaintiff's Discovery Requests Are Not Relevant To The Issue Of
                Unconscionability. ....................................................................17

V.      CONCLUSION ...............................................................................................19

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

CASES

4

Allied-Bruce Terminix Co., Inc. v. Dobson,
     513 U.S. 265, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995) ....................................7, 11

5

6

Alvarez v. T-Mobile USA, Inc.,
     822 F. Supp. 2d 1081 (E.D. Cal. 2011) ..................................................................10

7

Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.,
     579 F.2d 691 (2d Cir. 1978) ...................................................................................18

8

9

Aneke v. American Express Travel Related Servs., Inc.,
     No. 11-1008 (GK), 2012 WL 266878 (D.D.C. Jan. 31, 2012)...............................16

10

11

Aron v. U-Haul Co. of Cal.,
     143 Cal. App. 4th 796 (Cal. Ct. App. 2006).........................................................17

12

AT&T Mobility LLC v. Concepcion,
     565 U.S. __, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) ......................1, 7, 12, 13, 14, 15, 18

13

14

Bell Atlantic Corp. v. Twombly,
     550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................................10

15

16

Compucredit Corp. v. Greenwood,
     565 U.S. __, 132 S. Ct. 665 (2012) .........................................................................7

17

Coneff v. AT&T Corp.,
     673 F.3d 1155 (9th Cir. 2012) ..................................................................2, 13, 15, 18

18

19

Coneff v. AT&T Corp.,
     No. C06-0944RSM, 2007 WL 738612 (W.D. Wash. Mar. 9, 2007) .....................14

20

21

Daniel v. Chase Bank USA, N.A.,
     650 F. Supp. 2d 1275 (N.D. Ga. 2009).....................................................................9

22

Dean Witter Reynolds, Inc. v. Byrd,
     470 U.S. 213 (1985) ..............................................................................................1, 7

23

24

Discover v. Vaden,
     489 F.3d 594 (4th Cir. 2007) ....................................................................................9

25

26

Doctor's Assocs., Inc. v. Casarotto,
     517 U.S. 681, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996) ....................................12

27

FR 8 Singapore Pte. Ltd. v. Albacore Maritime Inc.,
     754 F. Supp. 2d 628 (S.D.N.Y. Dec. 13, 2010).....................................................10

28

STROOCK & STROOCK &     LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gabriel Techs. Corp. v. Qualcomm Inc.,
    Civil No. 08CV1991 AJB (MDD), 2012 WL 849167 (S.D. Cal. Mar. 13, 2012) ...................7

Gilmer v. Interstate/Johnson Lane Corp.,
    500 U.S. 20 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991) .........................................15

Granite Rock Co v. International Brotherhood of Teamsters,
    __ U.S. __, 130 S. Ct. 2847, 177 L. Ed. 2d 567 (2010) .......................................8

Green Tree Financial Corp.-Ala. v. Randolph,
    531 U.S. 79 (2000) ...........................................................................9

Hamby v. Power Toyota Irvine,
    798 F. Supp. 2d 1163 (S.D. Cal. 2011) ......................................................14

Hesse v. Sprint Spectrum, L.P.,
    No. C06-0592JLR, 2012 WL 37399 (W.D. Wash. Jan. 9, 2012)...............................8, 15

Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles,
    No. 11-CV-298 JLS (NLS), 2011 WL 4102224 (S.D. Cal. Sept. 14, 2011) ....................8, 10

Hopkins v. World Acceptance Corp.,
    798 F. Supp. 2d 1339 (N.D. Ga. 2011).......................................................15

Huizar v. Carey,
    273 F.3d 1220 (9th Cir. 2001) ..............................................................9

In re Apple & AT&T iPad Unlimited Data Plan Litig.,
    No. C-10-02553 RMW, 2011 WL 2886407 (N.D. Cal. July 19, 2011) ..............................14

Khanna v. American Express Co.,
    No. Civ. 11 6245 (JSR), 2011 WL 6382603 (S.D.N.Y. Dec. 14, 2011) ...........................16

Kilgore v. Keybank, Nat'l Ass'n,
    673 F.3d 947 (9th Cir. 2012) .....................................................2, 11, 13, 16

Knight Adjustment Bureau v. Lewis,
    228 P.3d 754 (Utah Ct. App. 2010) .........................................................16

KPMG LLP v. Cocchi,
    565 U.S. __, 132 S. Ct. 23, 181 L. Ed. 2d 323 (2011) .......................................7

Laguna v. Coverall North Am., Inc.,
    Civil No. 09cv2131-JM (BGS), 2011 WL 3176469 (S.D. Cal. July 26, 2011) ....................17

Laster v. T-Mobile USA, Inc.,
    No. 06CV 675 DMS (NLS), 05 cv1167 DMS (WVG), 2012 WL 1681762 (S.D. Cal.
    May 9, 2012) ............................................................................10, 17

- iii -

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Marmet Health Care Ctr., Inc. v. Brown,
    565 U.S. __, 132 S. Ct. 1201 (2012) ..................................................... 12, 18

Mesi v. American Express Bank, FSB,
    No. CV 0-4060 JVS, slip op. (C.D. Cal. May 7, 2012) ................................. 16

Meyer v. T-Mobile USA, Inc.,
    No. C 10-05858 CRB, 2011 WL 4434810 (N.D. Cal. Sept. 23, 2011) ........ 16, 18, 19

Miller v. Corinthian Colleges, Inc.,
    769 F. Supp. 2d 1336 (D. Utah 2011) .......................................... 11, 14 17

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
    473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985) ......................... 8, 12

Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,
    460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ................................. 7

Newton v. Clearwire Corp.,
    No. 2:11-CV-00783-WBS-DAD, 2011 WL 4458971 (E.D. Cal. Sept. 23, 2011) ............. 18

O.N. Equity Sales Co. v. Gibson,
    514 F. Supp. 2d 857 (S.D. W. Va. 2007) ............................................. 11

Osband v. Woodford,
    290 F.3d 1036 (9th Cir. 2002) ....................................................... 6

Perry v. Thomas,
    482 U.S. 483, 107 S. Ct. 2520, 96 l. Ed. 2d 426 (1987) ........................... 12

Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
    388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967) ............................ 7

Rent-A-Center, West, Inc. v. Jackson,
    561 U.S. __, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010) ........................... 8

Shearson/American Express, Inc. v. McMahon,
    482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) .......................... 12

Simula, Inc. v. Autoliv, Inc.,
    175 F.3d 716 (9th Cir. 1999) ....................................................... 8

Somerset Consulting, LLC. v. United Capital Lenders, LLC,
    Civil Action No. 10-3622, 2011 WL 5555622 (E.D. Pa. Nov. 15, 2011) .............. 10

Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,
    559 U.S. ___, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010) ........................... 7

- iv -

LA 51540491v7

Stublaski v. American Express Centurion Bank,
    No. 11-cv-1266 DSD/FLN (D. Minn. Sept. 14, 2011) ............................................ 16

Vera v. O'Keefe,
    Civil No. 10cv1422 L (MDD), 2012 WL 896175 (S.D. Cal. Mar. 15, 2012) ........................... 6

Wold v. Dell Financial Services, L.P.,
    598 F. Supp. 2d 984 (D. Minn. 2009) ........................................................... 9

**STATUTES**

9 U.S.C. §§ 1-16 ........................................................................................ 1

9 U.S.C. § 2 ........................................................................................... 13

9 U.S.C. § 4 ....................................................................................... 4, 5

Cal. Civ. Code § 1670.5(b) ............................................................................ 15

Fed. R. Civ. P. 72(a) ................................................................................... 6

Utah Code Ann. § 70C-7-106(2) ...................................................................... 15

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- v -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant American Express Company ( "American Express") hereby moves for review of the Magistrate's Order, dated May 8, 2012 (Dkt. No. 20) (the "Order"), pursuant to Federal Rule of Civil Procedure 72(a).

## I.      INTRODUCTION

American Express respectfully seeks relief from the Order by United States Magistrate Judge Bernard G. Skomal requiring American Express to provide arbitration-related discovery in relation to its motion to compel Plaintiff Karin O'Brien ("Plaintiff") to arbitrate her claims against American Express on an individual (i.e., non-class, non-consolidated, non-representative) basis (the "Arbitration Motion") (Dkt. No. 6.)  For the reasons set forth herein, the Order should be reversed by this Court because it is clearly erroneous and contrary to established law.

First, under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), discovery concerning arbitrability is not permitted unless "the making of the agreement for arbitration or the failure to comply therewith" has been placed "in issue."  See 9 U.S.C. § 4 (emphasis added).  In its Arbitration Motion, American Express demonstrated that all of Plaintiff's claims in this action are subject to arbitration pursuant to the clear terms of the valid and binding arbitration provision (the "Arbitration Provision") in the agreement governing Plaintiff's credit card account (the "Cardmember Agreement").  Plaintiff does not credibly raise an issue of fact regarding the "making" of the Arbitration Provision in either her Complaint or the Motion to Compel Arbitration Discovery and to Stay Defendant's Motion to Compel Arbitration (the "Discovery Motion").  (Dkt. No. 8.)  To allow discovery based entirely on a party's vague allusion to the "formation" and "unconscionability" of arbitration agreements generally, as the Magistrate's Order does here, clearly contravenes the FAA's purpose to encourage "efficient and speedy dispute resolution." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985).

Second, the discovery requests permitted by the Magistrate are barred by settled United States Supreme Court precedent, most notably AT&T Mobility LLC v. Concepcion, 565 U.S. __, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011).  Indeed, since the Discovery Motion was briefed, the

- 1 -

LA 51540491v7

Ninth Circuit has twice reaffirmed that, under the FAA, any state law contract defenses that are specific to arbitration, or are applied in a way that disfavors arbitration, are preempted by the FAA. See Coneff v. AT&T Corp., 673 F.3d 1155, 1160 (9th Cir. 2012); Kilgore v. Keybank, Nat'l Ass'n, 673 F.3d 947, 963 (9th Cir. 2012).  Plaintiff's discovery requests specifically relate to defenses that target the enforceability of the Arbitration Provision as an arbitration agreement and not as a contract generally, and are therefore improper.

Finally, Plaintiff's discovery requests are not relevant to any legitimate issue regarding the arbitrability of Plaintiff's claims.  Indeed, in her Discovery Motion, Plaintiff did not even attempt to explain the relevance or need for any of her discovery requests nor articulate any basis for invalidating the Arbitration Provision.  Although the Magistrate properly rejected many of Plaintiff's requests, the Order did not go far enough.  All of the requests are impermissible. Accordingly, the Magistrate's Order was clearly erroneous and should be reversed.  American Express therefore respectfully requests that the Court review and vacate the Order under Rule 72.

## II.     PROCEDURAL HISTORY

### A.     The Complaint

Plaintiff's Complaint was filed on August 16, 2011.[1]  The Complaint alleges that Plaintiff "opened a credit card account with American Express" and made each monthly payment in full and on time until late 2010.  (Compl. ¶ 5.)  Plaintiff claims that American Express then "began a campaign of harassment by telephone in an effort to collect on the missed payments" through multiple phone calls to her cell phone.  (Id. ¶¶ 6, 14-20.)  Plaintiff asserts a claim for "negligent" violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and a claim for "willful" violation of the TCPA.  (Id. ¶¶ 31-38.)  Plaintiff seeks injunctive relief and statutory damages of $500 or $1500 for each alleged violation of the TCPA.  (Id., Prayers for Relief.)

---

[1]  For a complete recitation of the background facts and procedural history, the Court is respectfully referred to pages 2-6 of the Arbitration Motion.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

### III.     THE ARBITRATION MOTION

On October 12, 2011, American Express filed the Arbitration Motion.  The Arbitration Motion and accompanying declaration and exhibits demonstrate that:  (1) the Arbitration Provision is a valid agreement to arbitrate under Utah law (which governs the Cardmember Agreement); and (2) Plaintiff's claims under the TCPA fall within the broad scope of the Arbitration Provision. (Arbitration Motion at 6-14.)  In support of the Arbitration Motion, American Express submitted documentary evidence demonstrating that the Cardmember Agreement between Plaintiff and American Express includes the Arbitration Provision and that Plaintiff accepted the Cardmember Agreement – and the Arbitration Provision – by using her card to make purchases.  (Id. at 3-4.)

Specifically, American Express submitted the declaration of Ira S. Axelrod ("Axelrod Decl.") (Dkt. 6-2), an American Express representative with personal knowledge of American Express's policies and procedures with regard to the mailing of credit cards and credit card account agreements, notices (including change-in-terms notices), billing statements and inserts.  (Axelrod Decl. ¶¶ 1-3.)  The Axelrod Declaration described in detail both American Express's procedures with regard to the Arbitration Provision and amendments generally, and the mailing of the Arbitration Provision and amendments to Plaintiff specifically.  (Id. ¶¶ 4-14.)

American Express also submitted a copy of the current Arbitration Provision applicable to Plaintiff's credit card account.  (Id., Ex. A.)  The Arbitration Provision expressly provides that any party has the right to elect arbitration and that, once one party has made that choice, arbitration on an individual basis is required.  (Arbitration Motion at 4-6.)  The Arbitration Provision broadly encompasses "any claim, dispute or controversy" between Plaintiff and American Express "arising from or relating to" Plaintiff's credit card account.  (Id. at 4.)  Accordingly, under the explicit terms of the Arbitration Provision, because American Express has elected to resolve Plaintiff's claims in arbitration, those claims must be pursued in an individual arbitration proceeding rather than before this Court.

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## A.    The Discovery Motion

Plaintiff did not file a substantive response to the Arbitration Motion.  Instead, on November 9, 2011, Plaintiff submitted a 5-page motion seeking discovery concerning ten "topics" that Plaintiff asserted were "necessary to oppose" the Arbitration Motion, as follows:

1.    The number of class actions that American Express has brought against its card holders;

2.    The procedures, rules, and costs of the proposed arbitrators;

3.    Relationships between American Express and with the proposed arbitrators, such as contracts and other business dealings;

4.    The drafting and purpose of the class action waiver;

5.    Prior individual arbitration costs and results against American Express;

6.    The case names, numbers, courts, and outcome of prior attempts to compel arbitration and whether the arbitration clause was found unconscionable;

7.    The case names, numbers, courts, and outcome of individual cases brought in court or through arbitration regarding TCPA claims;

8.    The approximate number of telephone calls placed by American Express or its agents, contractors, debt collectors, or subsidiaries, to cell phone numbers during the four years preceding the filing of the Complaint;

9.    The manner, method and means by which American Express card holders were notified of amendments to their card member agreements;

10.    Communications by and between Plaintiff and American Express.

(Discovery Motion at 2.)

Plaintiff did not attempt to explain how any of the above requests are relevant to the "making" of the Arbitration Provision under the FAA.  See 9 U.S.C. § 4.  Even more critically, Plaintiff did not challenge either the formation or enforceability of the Arbitration Provision or allege any specific facts in support of any such challenge.  Id.  Instead, Plaintiff merely claimed that discovery is necessary because of the allegedly "complex" facts with regard to the "formation, amendment, notification, and servicing" of Plaintiff's credit card account.  (Id. at 1-2.)  As for

- 4 -

LA 51540491v7

STROOCK & STROOCK &   LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   unconscionability, Plaintiff made no argument at all, other than stating generally that "a party can

2   oppose arbitration on the ground that the arbitration clause is unconscionable." (Id. at 3.)

3          On November 21, 2011, American Express opposed the Discovery Motion ("AmEx Opp.")

4   (Dkt. No. 11.)  In its opposition, American Express made clear that "Plaintiff does not so much as

5   even suggest a dispute as to the formation of her agreement to arbitrate," and that Plaintiff's

6   requests are either preempted by the FAA under AT&T Mobility or entirely irrelevant to any

7   alleged "issue" regarding the "making" of the Arbitration Provision under the FAA.  (Id. at 2-6.)

8          On November 22, 2011, the Magistrate issued an Order vacating the hearing on the

9   Arbitration Motion "pending the resolution of Plaintiff's motion to compel discovery" and

10  requested supplemental briefing "on the application of Utah law to Plaintiff's request for discovery

11  on unconscionability." (Dkt. No. 12.)  Plaintiff's supplemental brief on this issue also did not

12  challenge the formation or enforceability of the Arbitration Provision.  Instead, Plaintiff merely

13  asserted that:  "To be meaningful, Plaintiff's right to present evidence regarding the making and

14  amendment of the cardmember agreement must also include a right to discovery on those issues."

15  (Dkt. No. 13.)

16          **B.       The Magistrate's Order**

17          Despite Plaintiff's failure to provide any justification for the requested discovery, the

18  Magistrate allowed:  (1) discovery concerning "the making/formation" of the Arbitration Provision;

19  and (2)  discovery to enable Plaintiff to "make the argument that the arbitration agreement is

20  unconscionable under either California or Utah law."  (Order at 3, 7.)  The Magistrate permitted

21  discovery regarding the following topics:

22          1.       The number of class actions that American Express has brought against its
              card holders;

23

24          2.       The procedures, rules, and costs of the proposed arbitrators;

25          3.       Relationships between American Express and with the proposed arbitrators,
              such as contracts and other business dealings;

26

27

28                                          - 5 -

LA 51540491v7

6.    The case names, numbers, courts, and outcome of prior attempts to compel arbitration and whether the arbitration clause was found unconscionable;[2]

7.    The case names, numbers, courts, and outcome of individual cases brought in arbitration [or in court] regarding TCPA claims;[3]

9.    The manner, method and means by which American Express card holders were notified of amendments to their card member agreements;

10.   Communications by and between Plaintiff and American Express.

(Id. at 7-8.)

## IV.   THE MAGISTRATE'S ORDER SHOULD BE REVERSED BECAUSE PLAINTIFF HAS FAILED TO DEMONSTRATE ANY ENTITLEMENT TO DISCOVERY CONCERNING THE ARBITRABILITY OF HER CLAIMS.

### A.   Standard Of Review

Rule 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).[4]  The "clearly erroneous standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters."  Vera v. O'Keefe, Civil No. 10cv1422 L (MDD), 2012 WL 896175, at *1 (S.D. Cal. Mar. 15, 2012) (citation omitted).  "On the other hand, the 'contrary to law' standard permits independent review of purely legal determinations by a magistrate judge," and the court must therefore "exercise its independent judgment with respect to a magistrate judge's legal conclusions."  Id. (citations omitted).  Under either standard, a magistrate's ruling may be overturned if the court finds that "a mistake was made or that the magistrate judge

---

[2]  The Magistrate limited this request "only to TCPA cases where attempts to compel arbitration were made by American Express during the time period covering the proposed class in this case."  (Order at 8.)

[3]  The Magistrate denied this request as it relates to "individual cases brought in court regarding the TCPA."  (Order at 9.)

[4]  The Order was served via ECF on May 8, 2012, making the deadline to object May 22, 2012, 14 days later.  This Motion is therefore timely.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51540491v7

misinterpreted or misapplied the appropriate law." <u>Gabriel Techs. Corp. v. Qualcomm Inc.</u>, Civil No. 08CV1991 AJB (MDD), 2012 WL 849167, at *2 (S.D. Cal. Mar. 13, 2012).

Rule 72(a) relief is respectfully warranted here because the Magistrate's determination to allow Plaintiff to take discovery in this matter cannot be squared with the FAA and established Supreme Court and Ninth Circuit authority.

**B.    Plaintiff Has Not Placed The "Making" Of The Arbitration Provision "In Issue" Under The FAA.**

**1.    The FAA Requires The Party Resisting Arbitration To Demonstrate That The Making Of The Arbitration Is "In Issue" Before Limited Discovery May Be Allowed.**

The Supreme Court has held that "[t]he [FAA] calls for a <u>summary and speedy disposition</u> of motions or petitions to enforce arbitration clauses." <u>Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 29, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (emphasis added).  Indeed, one of the primary purposes of the FAA is the "encouragement of efficient and speedy dispute resolution." <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. at 221; <u>see also</u> <u>AT&T Mobility</u>, 131 S. Ct. at 1748 ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."); <u>Allied-Bruce Terminix Co., Inc. v. Dobson</u>, 513 U.S. 265, 278, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995) (noting that "Congress wrote the [FAA] to help the parties avoid . . . costs and delay through litigation."); <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395, 404, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967) (noting "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.").  To this end, as the Supreme Court has repeatedly made clear, the FAA "requires courts to enforce agreements to arbitrate according to their terms." <u>Compucredit Corp. v. Greenwood</u>, 565 U.S. __, 132 S. Ct. 665, 669 (2012); <u>KPMG LLP v. Cocchi</u>, 565 U.S. __, 132 S. Ct. 23, 25, 181 L. Ed. 2d 323 (2011); <u>AT&T Mobility</u>, 131 S. Ct. at 1748; <u>Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.</u>, 559 U.S. ___, 130 S. Ct. 1758, 1773, 176 L. Ed. 2d 605 (2010).

Consistent with these principles, a party opposing arbitration may not delay enforcement of an arbitration agreement by seeking discovery regarding "arbitrability" unless the "making" of the

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 7 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  arbitration clause is "in issue."  See Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999)

2  (the FAA "provides for discovery . . . in connection with a motion to compel arbitration only if 'the

3  making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in

4  issue.'")  (quoting 9 U.S.C. § 4) (emphasis added).  The "making" of an arbitration agreement is

5  only "in issue" when a specific and well-supported challenge to an arbitration clause raising

6  legitimate factual questions relevant to its enforceability has been made.  See Rent-A-Center, West,

7  Inc. v. Jackson, 561 U.S. __, 130 S. Ct. 2772, 2774, 177 L. Ed. 2d 403 (2010) ("If a party

8  challenges the validity under § 2 [of the FAA] of the precise agreement to arbitrate at issue, the

9  federal court must consider the challenge before ordering compliance with that agreement under

10  § 4 [of the FAA].") (emphasis added); Granite Rock Co v. Int'l Brotherhood of Teamsters, __ U.S.

11  __, 130 S. Ct. 2847, 2856, 177 L. Ed. 2d 567 (2010) (holding that "the court must resolve any issue

12  that calls into question the formation or applicability of the specific arbitration clause that a party

13  seeks to have the court enforce.") (emphasis added); Mitsubishi Motors Corp. v. Soler Chrysler-

14  Plymouth, Inc., 473 U.S. 614, 627, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985) ("[C]ourts should

15  remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of

16  fraud or overwhelming economic power that would provide grounds 'for the revocation of any

17  contract.'") (citation omitted) (emphasis added); see also Hibler v. BCI Coca-Cola Bottling Co. of

18  Los Angeles, No. 11-CV-298 JLS (NLS), 2011 WL 4102224, at *1 (S.D. Cal. Sept. 14, 2011)

19  ("[T]he making of the arbitration agreement is in issue if the plaintiff alleges that the arbitration

20  clause was fraudulently induced, that one party had overwhelming bargaining power, or that the

21  agreement does not exist.") (emphasis added).[5]

22      As demonstrated below, Plaintiff does not raise an issue of fact regarding the formation or

23  enforceability of the Arbitration Provision.  Discovery is therefore not appropriate.

24

25  _____

26  [5]  The Magistrate cited Hesse v. Sprint Spectrum, L.P., No. C06-0592JLR, 2012 WL 37399 (W.D.
Wash. Jan. 9, 2012), but there the court rejected plaintiffs' claimed need for discovery regarding
27  formation of the agreement "because there is no factual issue to resolve."  Id. at *3.

28

- 8 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

2.      The Formation Of The Arbitration Provision Is Not "In Issue."

Where the party seeking to enforce its contractual right to arbitrate proves the existence of a valid agreement, the burden is on the party opposing arbitration to prove that its claims are not subject to arbitration.  See, e.g., Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91-92 (2000).  Here, American Express clearly established that a valid arbitration agreement exists. Specifically, the Arbitration Motion established that:

> [C]onsistent with Utah law, O'Brien was provided with a copy of her Cardmember Agreement along with her credit card when the Account was opened.  (Axelrod Decl. ¶ 11.)  O'Brien used the Account after receiving her Cardmember Agreement and the subsequent change-in-terms notices, thereby accepting the terms of the Cardmember Agreement.  (See id. ¶¶ 11-13.)
>
> Although the Arbitration Provision was not present in O'Brien's Cardmember Agreement when the Account was opened, O'Brien was notified of the addition of the Arbitration Provision in April 1999, and that the exclusion for California residents was being removed in December 2003.  (Id. ¶¶ 8-9, 11 & Exs. A & B.) Further, O'Brien was provided with an updated Cardmember Agreement, including the then-current Arbitration Provision, in 2003.  (Id. ¶ 9.)  O'Brien also received written notice of all subsequent changes to her Cardmember Agreements and to the Arbitration Provision.  (Id. ¶¶ 11-12.)

(Arbitration Motion at 11-12.)

Plaintiff does not dispute any of these facts.  Instead, Plaintiff merely claims that discovery regarding "formation" of the Arbitration Provision is necessary because of the alleged "complexity of the decades-long relationship between the parties and the volume of the documents involved." [6] (Discovery Motion at 2.)  The Magistrate found this assertion sufficient to permit discovery (regarding categories 9-10 set forth above):  "Plaintiff asserts that American Express, in connection with its motion to compel arbitration, presented a complicated set of facts surrounding the

---

[6]  Plaintiff does not even deny receiving the Arbitration Provision.  Even if Plaintiff did deny receiving it, such denial would still be insufficient to raise an issue regarding formation warranting discovery.  See Wold v. Dell Fin. Servs., L.P., 598 F. Supp. 2d 984, 987-88 (D. Minn. 2009) (denial of receipt of agreement containing arbitration clause is not sufficient to overcome presumption of receipt) (applying Utah law); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (merely stating that document was never received is insufficient to rebut presumption of receipt); see also Discover v. Vaden, 489 F.3d 594, 607 (4th Cir. 2007); Daniel v. Chase Bank USA, N.A., 650 F. Supp. 2d 1275, 1289-90 (N.D. Ga. 2009).

- 9 -

LA 51540491v7

1    formation, amendment, notification, and servicing of Plaintiff's American Express Gold Card

2    account that opened in 1988."  (Order at 3.)  The Magistrate did not cite any legal support for the

3    proposition that the formation of an agreement to arbitrate is placed "in issue" under the FAA

4    based on the mere assertion, without more, that the facts are "complex."  To American Express's

5    knowledge, no such authority exists.

6              In order for the FAA's phrase "in issue" to have any real meaning, a well-supported issue of

7    fact relevant to formation must be raised before discovery may be allowed.  See Alvarez v. T-

8    Mobile USA, Inc., 822 F. Supp. 2d 1081, 1085 (E.D. Cal. 2011) (permitting discovery regarding

9    formation of arbitration agreement only where "Plaintiff did argue that no agreement to arbitrate

10   had been formed in the first instance" and "whether an agreement to arbitrate per se was ever

11   formed is a hotly contested issue") (emphasis added); Hibler, 2011 WL 4102224, at *1 (holding

12   that "[a] plaintiff can support his request for discovery by suggesting what evidence he expects to

13   derive from discovery and by suggesting circumstances that may raise doubt as to the formation of

14   the agreement"); Somerset Consulting, LLC. v. United Capital Lenders, LLC, Civil Action No. 10-

15   3622, 2011 WL 5555622, at *5 (E.D. Pa. Nov. 15, 2011) ("When it is apparent from the face of a

16   complaint that a claim is subject to an arbitration clause, and the party opposing arbitration cannot

17   allege facts that 'raise a reasonable expectation that discovery will reveal' the clause to be

18   unenforceable, the FAA would favor resolving a motion to compel arbitration under a motion to

19   dismiss standard without the inherent delay of discovery.") (quoting Bell Atlantic Corp. v.

20   Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (emphasis added).  When

21   the formation of an agreement to arbitrate has not been placed "at issue," discovery is not allowed.

22   See Laster v. T-Mobile USA, Inc., No. 06CV 675 DMS (NLS), 05 cv1167 DMS (WVG), 2012 WL

23   1681762, at *3 (S.D. Cal. May 9, 2012) (denying plaintiffs' request for discovery regarding post-

24   AT&T Mobility unconscionability arguments where plaintiffs "did not set forth reasons . . . why

25   additional discovery is necessary to address any such arguments"); FR 8 Singapore Pte. Ltd. v.

26   Albacore Maritime Inc., 754 F. Supp. 2d 628, 638 (S.D.N.Y. Dec. 13, 2010) (denying discovery

27   regarding arbitrability where movant "identifie[d] no issues of fact that would benefit currently

28

STROOCK & STROOCK &   LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7

1   from compelling discovery in this case"); <u>O.N. Equity Sales Co. v. Gibson</u>, 514 F. Supp. 2d 857,

2   863 (S.D. W. Va. 2007) (rejecting discovery regarding arbitrability as unnecessary and holding that

3   the "value of arbitration may be lost if one side can force expensive discovery through the courts

4   prior to arbitration").  In fact, allowing discovery based on anything less than a specific showing

5   that the "making" of an arbitration agreement is "in issue" would invite "the very kind of costs and

6   delay through litigation (about the circumstances of contract formation) that Congress wrote the

7   [FAA] to help the parties avoid."  <u>Allied-Bruce</u>, 513 U.S. at 278.

8          Accordingly, because formation of the Arbitration Provision has not been placed "in issue,"

9   the Magistrate's Order should be reversed.

10                  **3.      Unconscionability Also Is Not "In Issue."**

11         The Magistrate's Order also erroneously permits discovery regarding "unconscionability"

12   even though Plaintiff did not raise an issue of fact that warrants discovery on this purported issue.

13         In the Arbitration Motion, American Express demonstrated that the Arbitration Provision is

14   neither procedurally nor substantively unconscionable under Utah law.[7]  (Arbitration Motion at 11.)

15   In support of her discovery requests, Plaintiff merely avers that, after <u>AT&T Mobility</u>, "a party can

16   oppose arbitration on the ground that the arbitration clause is unconscionable."  (Discovery Motion

17   at 3.)  But the mere fact that <u>AT&T Mobility</u> "did not overthrow the common law contract defense

18   of unconscionability whenever an arbitration clause is involved," <u>Kilgore</u>, 673 F.3d at 963, does not

19   create an automatic right to discovery whenever a motion to compel arbitration is filed.[8]  A party

20   opposing arbitration still must place unconscionability "in issue" under the FAA.

21

22   ─────────────────────

23   [7]  Utah law examines both procedural and substantive unconscionability.  <u>Miller v. Corinthian
     Colleges, Inc.</u>, 769 F. Supp. 2d 1336, 1344 (D. Utah 2011).  In addition, "[w]hile substantive
     unconscionability alone may support a finding of unconscionability, procedural unconscionability
     without any substantive imbalance will rarely render a contract unconscionable."  <u>Id.</u>

24

25   [8]  American Express's argument on this issue is not correctly set forth in the Order.  American
     Express did not argue that an unconscionability defense "is no longer available to a party opposing
26   a motion to compel arbitration" after <u>AT&T Mobility</u>.  (Order at 3.)  Rather, American Express
     argued that the topics of discovery sought by Plaintiffs are preempted by the FAA under <u>AT&T
27   Mobility</u> and are therefore impermissible.  (AmEx Opp. at 5.)

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51540491v7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Here, Plaintiff does not specify how the Arbitration Provision is "unconscionable" or state any facts that would support such a claim.  In fact, all of Plaintiff's discovery requests pertain to defenses that are preempted by the FAA.  Indeed, in <u>AT&T Mobility</u>, the Supreme Court reaffirmed that, under the FAA's "saving clause,"[9] "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue" are preempted by the FAA.  131 S. Ct. at 1746.   The Supreme Court held that California's state law of unconscionability, which was applied to invalidate certain arbitration agreements containing class action waiver clauses, is preempted under the FAA because "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."  <u>AT&T Mobility</u>, 131 S. Ct. at 1748.  The Supreme Court made clear that a state law doctrine "normally thought to be generally applicable," such as duress or unconscionability, that is "applied in a fashion that disfavors arbitration" or has "a disproportionate impact on arbitration agreements" is preempted by the FAA.  <u>Id.</u> at 1747.  Thus, although the FAA's saving clause "preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives."  <u>Id.</u> at 1748; <u>see also</u> <u>Marmet Health Care Ctr., Inc. v. Brown</u>, 565 U.S. __, 132 S. Ct. 1201, 1204 (2012) (vacating state court's decision that arbitration agreement was unenforceable on

---

[9]  Under the FAA's "saving clause," "[a]n agreement to arbitrate is valid, irrevocable, and enforceable, *as a matter of federal law*, 'save upon such grounds as exist at law or in equity for the revocation of *any* contract.'"  <u>Perry v. Thomas</u>, 482 U.S. 483, 492 n. 9, 107 S. Ct. 2520, 96 l. Ed. 2d 426 (1987) (quoting 9 U.S.C. § 2) (citations omitted).  Accordingly, a state law is preempted under the FAA unless "that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.  A state-law rule that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with this requirement of § 2."  <u>Id.</u>; <u>see also</u> <u>Doctor's Assocs., Inc. v. Casarotto</u>, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996) (courts may not "invalidate arbitration agreements under state laws applicable only to arbitration provisions" and "Congress precluded states from singling out arbitration provisions for suspect status . . . ."); <u>Shearson/American Express, Inc. v. McMahon</u>, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) ("Absent a well-founded claim that an arbitration agreement resulted from the sort of fraud or excessive economic power that 'would provide grounds for the revocation of any contract,' the Arbitration Act 'provides no basis for disfavoring agreements to arbitrate statutory claims by skewing the otherwise hospitable inquiry into arbitrability.'") (quoting <u>Mitsubishi Motors Corp.</u>, 473 U.S. at 627).

- 12 -

LA 51540491v7

STROOCK & STROOCK &      LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

public policy grounds and remanding to "consider whether, absent that general public policy, the arbitration clauses . . . are unenforceable under state common law principles that are not specific to arbitration and pre-empted by the FAA.") (emphasis added).  Indeed, in two recent rulings following the Supreme Court's decision in AT&T Mobility, the Ninth Circuit held that state law contract defenses that are based on the requirement of arbitration itself are preempted by the FAA. Coneff, 673 F.3d at 1160 (courts may not leverage "'the uniqueness of an agreement to arbitrate' to achieve a result that the state legislature cannot") (quoting AT&T Mobility, 131 S. Ct. at 1747); Kilgore, 673 F.3d at 963 (the FAA preempts any contract defense that "appl[ies] only to arbitration [and] derive[s] its meaning from the fact that an agreement to arbitrate is at issue") (quoting AT&T Mobility, 131 S. Ct. at 1746).

The discovery requests permitted by the Magistrate relate to "unconscionability" only because the Arbitration Provision requires arbitration on an individual basis or because it simply requires the arbitration of Plaintiff's claims.  These requests are preempted by the FAA because, though couched in terms of unconscionability, they are not based on grounds that "exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and "apply only to arbitration [and] derive their meaning from the fact that an agreement to arbitrate is at issue."  AT&T Mobility, 131 S.Ct. at 1746.  Thus, Plaintiff's requests concerning the "number of class actions that American Express has brought against its card holders"; the "procedures, rules, and costs of the proposed arbitrators"; the "[r]elationships between American Express and with the proposed arbitrators, such as contracts and other business dealings"; the "case names, numbers, courts, and outcome of prior attempts to compel arbitration and whether the arbitration clause was found unconscionable"; and the "case names, numbers, courts, and outcome of individual cases brought in arbitration . . . regarding TCPA claims" are all aimed at challenging the Arbitration Provision as an agreement to arbitrate, and are therefore preempted.  Furthermore, it is plainly evident from these improper requests that even the two requests that the Magistrate allowed on the basis that they were allegedly relevant to contract "formation" and "procedural unconscionability" – the "manner, method and means by which American Express card holders were notified of amendments to their card member

- 13 -

LA 51540491v7

1   agreements" and "[c]ommunications by and between Plaintiff and American Express" – actually

2   involve the same challenge to arbitration *qua* arbitration that is preempted under the FAA. See In

3   re Apple & AT&T iPad Unlimited Data Plan Litig., No. C-10-02553 RMW, 2011 WL 2886407, at

4   *6 (N.D. Cal. July 19, 2011) (denying discovery regarding arbitrability because "[t]he argument

5   that plaintiffs seek to support through arbitration related discovery has already been addressed and

6   rejected by the Supreme Court in [AT&T Mobility].").

7         In support of its ruling, the Magistrate cites Hamby v. Power Toyota Irvine, 798 F. Supp. 2d

8   1163 (S.D. Cal. 2011), which involved an arbitration agreement contained in a contract between a

9   consumer and a car dealership, not a credit card issuer.  Although in Hamby this Court cited the

10  district court's ruling in Coneff for the proposition that "a party opposing a motion to compel

11  arbitration is entitled to discovery relevant to the issue of unconscionability," id. at 1164, the

12  district court in Coneff in fact held that "Plaintiffs' conclusory argument that all of their discovery

13  requests relate to unconscionability does not defeat defendants' valid objection to broad discovery

14  at this time."  Coneff v. AT&T Corp., No. C06-0944RSM, 2007 WL 738612, at *3 (W.D. Wash.

15  Mar. 9, 2007).[10]  Furthermore, even the limited discovery permitted by the district court in Coneff

16  is suspect in light of the Ninth Circuit's subsequent reversal of the district court's determination

17  that the arbitration agreement at issue was substantively unconscionable. See Coneff, 673 F.3d at

18  1160.  Finally, although "unconscionability is a generally applicable contract defense," Hamby,

19  798 F. Supp. 2d at 1165, a "generally applicable contract defense" that is "applied in a fashion that

20  disfavors arbitration" is preempted by the FAA.  AT&T Mobility, 131 S. Ct. at 1747.  In this case,

21

22

23  _____

24  [10]  The district court in Coneff only permitted discovery with regard to the "development" of
    AT&T's "terms and conditions of service and how those terms and conditions were to be presented
25  and explained to customers."  Coneff, 2007 WL 738612, at *2.  The Ninth Circuit rejected
    plaintiffs' argument that the arbitration agreement was substantively unconscionable and remanded
26  the case to the district court to determine whether a showing of procedural unconscionability alone
    could result in "success for Plaintiffs under some of the relevant state precedents."  Coneff, 673
27  F.3d at 1162.  As stated above, however, under Utah law, a party must demonstrate substantive
    unconscionability in order to invalidate a contract.  See Miller, 769 F. Supp. 2d at 1344.

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 14 -

LA 51540491v7

1    Plaintiff's discovery requests do not pertain to the type of "generally applicable contract defense"

2    that survives <u>AT&T Mobility</u>.[11]

3           There is also no legal support (nor is any cited by the Magistrate) for the proposition that,

4    under the FAA, discovery may be ordered based on the mere possibility that it might yield an as-

5    yet unspecified "unconscionability defense" to a motion to compel arbitration.  To the extent the

6    Magistrate's holding is based on a section of the Utah Consumer Credit Code ("UCCC"), which

7    provides that, "[i]f it is claimed or appears to a court that a consumer credit agreement or any part

8    of it may be unconscionable, the parties shall be afforded a reasonable opportunity to present

9    evidence as to its setting, purpose, and effect to aid the court in making the determination," it is

10   incorrect.  Utah Code Ann. § 70C-7-106(2) (emphasis added).[12]  Plaintiff does not "claim" that the

11   Arbitration Provision is unconscionable,[13] and the Magistrate did not suggest in the Order that it

12   "appears" that the Arbitration Provision may be unconscionable.   Instead, as the Magistrate

13   recognized, the Utah statute only requires that "the trial court consider the relevant facts before

14   holding that a contractual provision in a consumer credit contract is unenforceable due to

---

[11]  The Magistrate's reliance on <u>Hesse</u> is also erroneous because there the court only allowed discovery on the "narrow issue whether the arbitration clauses at issue would permit Plaintiffs to vindicate their statutory rights."  <u>Hesse</u>, 2012 WL 37399, at *4.  Two months later, in <u>Coneff</u>, the Ninth Circuit held that this "vindication of rights" defense is precluded by <u>AT&T Mobility</u>.  <u>See Coneff</u>, 673 F.3d at 1159.  Thus, the rationale in <u>Hesse</u> is no longer valid.

[12]  California Civil Code section 1670.5(b), also cited in the Order, contains similar language.  <u>See</u> Cal. Civ. Code § 1670.5(b).  It is also not clear how these statutes, which refer only to a "reasonable opportunity to present evidence, and not of discovery . . . operate in the context of a motion to compel arbitration."  <u>Hopkins v. World Acceptance Corp.</u>, 798 F. Supp. 2d 1339, 1352 (N.D. Ga. 2011) (finding that interpreting an identical Georgia statute to require discovery would contravene "the FAA's goals of promoting efficiency and curbing unnecessary discovery" and would "tread[] upon the province of the Federal Rules of Civil Procedure . . . .").

[13]  The closest Plaintiff comes to arguing that the Arbitration Provision is unconscionable is one sentence near the end of the Discovery Motion, in which Plaintiff states:  "This is especially true where, as here, a gross disparity in bargaining power exists between the parties."  (Discovery Motion at 3.)  The Supreme Court has rejected such arguments as insufficient to preclude the enforcement of arbitration agreements contained in consumer contracts.  <u>See AT&T Mobility</u>, 131 S. Ct. at 1750 ("[T]he times in which consumer contracts were anything other than adhesive are long past."); <u>see also</u> <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 33 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991) ("Mere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable . . . .").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

STROOCK & STROOCK &   LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51540491v7

1  unconscionability."  Knight Adjustment Bureau v. Lewis, 228 P.3d 754, 757 (Utah Ct. App. 2010).

2  Contrary to the Magistrate's holding, however, there is no requirement that discovery be ordered

3  whenever a party opposes a motion to compel arbitration.  (Order at 7.)  It remains Plaintiff's

4  burden to demonstrate that there is an issue of fact worthy of discovery in the first place.

5          Further, there is no question that district courts may reject "unconscionability" claims and

6  enforce arbitration agreements without the need for time-consuming discovery (especially where,

7  as here, no tangible claim of unconscionability has even been made).  See, e.g., Kilgore, 673 F.3d

8  at 964 (enforcing arbitration agreement according to its terms without discovery and holding that

9  "[w]e will not relieve Plaintiffs of their contractual obligation to arbitrate by manufacturing

10 unconscionability where there is none"); Meyer v. T-Mobile USA, Inc., No. C 10-05858 CRB,

11 2011 WL 4434810, at *9 (N.D. Cal. Sept. 23, 2011) (rejecting plaintiff's unconscionability claims

12 and denying plaintiff's proposed discovery requests regarding the validity of the agreement as

13 unnecessary).  Indeed, American Express's Arbitration Provision has repeatedly been upheld under

14 Utah law without the need for discovery concerning "unconscionability."  See Mesi v. American

15 Express Bank, FSB, No. CV 0-4060 JVS (RNBx), slip op. (C.D. Cal. May 7, 2012) (granting

16 American Express's motion to compel arbitration on an individual basis and rejecting plaintiff's

17 argument that the Arbitration Provision is unenforceable); Aneke v. American Express Travel

18 Related Servs., Inc., No. 11-1008 (GK), 2012 WL 266878, at *6 (D.D.C. Jan. 31, 2012) (granting

19 American Express's motion to compel arbitration on an individual basis and holding that "the

20 Arbitration Provision is valid and enforceable under Utah law"); Khanna v. American Express Co.,

21 No. Civ. 11 6245 (JSR), 2011 WL 6382603, at *3-4 (S.D.N.Y. Dec. 14, 2011) (granting American

22 Express's motion to compel arbitration on an individual basis and holding that the Arbitration

23 Provision is "binding and enforceable" under Utah law); Stublaski v. American Express Centurion

24 Bank, No. 11-cv-1266 DSD/FLN (D. Minn. Sept. 14, 2011) (granting American Express's motion

25 to compel arbitration on an individual basis and rejecting plaintiff's unconscionability challenge).

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7

1    Accordingly, the Magistrate's ruling that discovery is available under the FAA whenever a

2    party raises the possibility of an "unconscionability" defense in the abstract is contrary to settled

3    law and should be reversed.

4        **C.    Plaintiff's Discovery Requests Are Not Relevant To The Issue Of
             Unconscionability.**

5        "The party seeking to compel discovery has the burden of establishing that its request

6    satisfies the relevancy requirements of Rule 26(b)(1)."  Laguna v. Coverall North Am., Inc., Civil

7    No. 09cv2131-JM (BGS), 2011 WL 3176469, at *6 (S.D. Cal. July 26, 2011).  Although Plaintiff

8    did not even attempt to explain how any of the specific topics of discovery are relevant to any

9    purported defense to the Arbitration Motion, the Magistrate nevertheless held that they are relevant

10   to whether the Arbitration Provision is "unconscionable."  (Order at 8-9.)  This ruling is erroneous.

11       The Magistrate held that "[t]he number of class actions brought by American Express, the

12   procedures, rules and costs of arbitrators, and American Express's relationships with the arbitrators

13   are relevant to substantive unconscionability.  These topic areas are relevant to whether the

14   arbitration agreement at issue is one-sided."  (Order at 8.)  First, none of these requests relate to the

15   underlined actual terms of the Arbitration Provision and are therefore not relevant to any substantive

16   unconscionability analysis under either Utah or California law.[14]  Second, the Magistrate did not

17   explain how the number of class actions brought by American Express against its cardmembers is

18   relevant to unconscionability, and any argument that the Arbitration Provision is unconscionable

19   "because [American Express] would never itself bring a class proceeding against its customers" is

20   foreclosed by AT&T Mobility.  Laster, 2012 WL 1681762, at *4.  Third, the procedures, rules and

21   costs of both the AAA and JAMS are publicly available.  To the extent that Plaintiff may attempt to

22   argue that the Arbitration Provision is unenforceable because the costs of individual arbitration are

---

24   [14]  See Miller, 769 F. Supp. 2d at 1344 ("Substantive unconscionability focuses on the contents of
      an agreement, examining the relative fairness of the obligations assumed. . . . [W]e consider

25   whether a contract's terms are so one-sided as to oppress or unfairly surprise an innocent party or
      whether there exists an overall imbalance in the obligations and rights imposed by the bargain . . .

26   ."); Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796, 808 (Cal. Ct. App. 2006) ("The substantive
      element of unconscionability focuses on the actual terms of the agreement and evaluates whether

27   they create 'overly harsh' or 'one-sided' results as to 'shock the conscience.'").

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51540491v7

1  prohibitive, that argument is preempted by the FAA.  See Coneff, 673 F.3d at 1159.  Finally, any

2  inquiry into American Express's "relationships with arbitrators" is inappropriate.  See, e.g., Andros

3  Compania Maritima, S.A. v. Marc Rich & Co., A.G., 579 F.2d 691, 702 (2d Cir. 1978) (a party

4  must provide "clear evidence of impropriety" before discovery into allegations of arbitral bias is

5  permitted).

6         The Magistrate permitted "discovery limited in scope and tailored only to TCPA cases

7  where attempts to compel arbitration were made by American Express during the time period

8  covering the proposed class in this case" and discovery of "individual cases brought through

9  arbitration regarding the TCPA" limited to "cases within the limited time period of the proposed

10  class in this case and only as to cases involving a TCPA claim."  (Order at 8-9.)  Even as so

11  limited, however, these topics of discovery are inappropriate.  In AT&T Mobility, the Supreme

12  Court rejected broad-based defenses to arbitration based on "policy" grounds and not on

13  circumstances specific to the party seeking to avoid contractual arbitration.   AT&T Mobility, 131

14  S. Ct. at 1753; see also Marmet, 132 S. Ct. at 1203.  Thus, "generally applicable contract defenses"

15  regarding the "making of the agreement" under the FAA must be limited to facts concerning the

16  specific parties to the agreement – here Plaintiff and American Express – and discovery with

17  respect to defenses asserted by other parties in other cases and the outcome of other cases is

18  irrelevant.[15]

---

[15]  The Magistrate cites Newton v. Clearwire Corp., No. 2:11-CV-00783-WBS-DAD, 2011 WL
4458971 (E.D. Cal. Sept. 23, 2011), in which the court framed the issue as whether "requests for
discovery aimed at information regarding its arbitration and litigation experience with customers
other than plaintiff" were permissible.  Id. at *1.  The court allowed such discovery because
"[w]hether the results obtained in arbitration proceedings are overly harsh or unjustifiably one-
sided is clearly relevant to plaintiff's claim that this arbitration clause is unconscionable."  Id. at *6.
Respectfully, the court's holding in Newton was erroneous.  A request for similar discovery was
rejected in Meyer, 2011 WL 4434810, at *10 (denying plaintiff's request for discovery regarding
"all agreements, disputes, arbitrations and lawsuits relating to T-Mobile customers in California
other than Plaintiff" and holding that, "[b]ecause Plaintiff's proposed discovery requests are either
overly broad or irrelevant to the disposition of the pending Motion [to compel arbitration], Plaintiff
is not entitled to discovery.").

- 18 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51540491v7

Moreover, the Magistrate provides no basis for holding that "the issue of procedural unconscionability" requires discovery regarding the "manner, method and means by which American Express card holders were notified of amendments to their card member agreements" and "[c]ommunications by and between Plaintiff and American Express." (Order at 10.) In the Arbitration Motion, American Express provided detailed evidence establishing how Plaintiff was notified of amendments to her Cardmember Agreement. (Arbitration Motion at 3-4, 11-12.) Thus, the documents relevant to determining "whether there was no real negotiation or an absence of meaningful choice in the formation of the agreement" are already before the Court. See Meyer, 2011 WL 4434810, at *10. In addition, all "[c]ommunications by and between Plaintiff and American Express" are available to Plaintiff, and it is hard to conceive how every such communication (e.g., all billing statements) could pertain to any defense that Plaintiff may assert to enforcement of the Arbitration Provision.

## V.       CONCLUSION

For the foregoing reasons, American Express respectfully requests that the Court grant this Motion and set aside or modify the Order pursuant to Rule 72(a).


Dated:  May 22, 2012                    Respectfully submitted,

                                        STROOCK & STROOCK & LAVAN LLP
                                        JULIA B. STRICKLAND
                                        LISA M. SIMONETTI
                                        JASON S. YOO


                                        By:  _____*/s/Lisa M. Simonetti*_____
                                                     Lisa M. Simonetti

                                        Attorneys for Defendant
                                          AMERICAN EXPRESS COMPANY

- 19 -

LA 51540491v7

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on May 22, 2012, a copy of the foregoing **MEMORANDUM**

3  **OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REVIEW OF**

4  **MAGISTRATE'S ORDER PURSUANT TO FED. R. CIV. P. 72(A)** was filed electronically.

5  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing

6  system or by mail to anyone unable to accept electronic filing as indicated on the Notice of

7  Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

8

9                                    By:     */s/Lisa M. Simonetti*
                                                Lisa M. Simonetti

10

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

LA 51540491v7