1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
LISA M. SIMONETTI (State Bar No. 165996)
JASON S. YOO (State Bar No. 261114)
2029 Century Park East, Suite 1600
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant
  AMERICAN EXPRESS COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KARIN O'BRIEN, on behalf of herself and all others similarly situated,

                    Plaintiff,

          vs.

AMERICAN EXPRESS COMPANY,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:11-cv-01822-BTM-BGS

[Assigned to the Hon. Barry T. Moskowitz]

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO FED. R. CIV. P. 72(A)**

Date:      July 27, 2012
Time:      11:00 a.m.
Courtroom: 15

**Per Chambers, No Oral Argument Unless Requested By The Court**

Complaint Filed:  August 16, 2011

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page(s)</u>

3   REPLY MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

4        I.       INTRODUCTION. ....................................................................................................... 1

5        II.      THE MAGISTRATE'S ORDER SHOULD BE REVERSED UNDER
6                 RULE 72(A). ................................................................................................................ 1

7                 A.     Plaintiff Concedes That The Discovery Motion Did Not Identify Any
                         Factual Issues Regarding The Making Of The Arbitration
8                        Agreement. ....................................................................................................... 1

9                 B.     Plaintiff's Belated Attempt To Raise Factual Issues In The
10                       Opposition Also Fails. ..................................................................................... 5

11                1.     Plaintiff Still Fails To Place The Formation Of The Arbitration
                         Provision "In Issue." ....................................................................................... 5
12
13                2.     Plaintiff Also Still Fails To Place The Enforceability Of The
                         Arbitration Provision "In Issue." .................................................................... 7

14       III.     CONCLUSION ............................................................................................................ 9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## TABLE OF AUTHORITIES

Page(s)

CASES

24 Hour Fitness, Inc. v. Superior Court,
    66 Cal. App. 4th 1199 (1998) ...................................................................8

Advocat Inc. v. Blanchard,
    No. 4:11CV00895 JLH, 2012 WL 1893735 (E.D. Ark. May 24, 2012) ...................................3

AT&T Mobility v. Concepcion,
    565 U.S. __, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) ..........................................................7

Bhan, C.R.N.A. v. NME Hosps., Inc.,
    929 F.2d 1404 (9th Cir. 1991) ...................................................................3

Bhatia v. Johnston,
    818 F.2d 418 (5th Cir. 1987) ...................................................................3

Concat LP v. Unilever, PLC,
    350 F. Supp. 2d 796 (N.D. Cal. 2004)...................................................................3

Coneff v. AT&T Corp.,
    673 F.3d 1155 (9th Cir. 2012) ...................................................................4, 7, 8

Daniel v. Chase Bank USA, N.A.,
    650 F. Supp. 2d 1275 (N.D. Ga. 2009)...................................................................5, 6

Gilmer v. Interstate/Johnson Lane Corp.,
    500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991) ..........................................................3

Grabowski v. Robinson,
    817 F. Supp. 2d 1159 (S.D. Cal. 2011) ...................................................................5

Granite Rock Co. v. Int'l Bd. of Teamsters,
    516 U.S. __, 130 S. Ct. 2847, 117 L. Ed. 2d 567 (2010) ..........................................................3

Green Tree Fin. Corp.-Ala. v. Randolph,
    531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000) ..........................................................3

Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles,
    No. 11-CV-298 JLS (NLS), 2011 WL 4102224 (S.D. Cal. Sept. 14, 2011)......................6, 7

Hill v. Ins. Co. of the West,
    No. 10cv76 BTM (BLM), 2010 WL 1709325 (S.D. Cal. April 26, 2010) ..............................2

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- ii -

In re Oracle Corp. Sec. Litig.,
    627 F.3d 376 (9th Cir. 2010) ........................................................................................4

James G. Freeman & Assocs., Inc. v. Tanner,
    56 Cal. App. 3d 1 (1976) ..............................................................................................8

Kaplan v. AT&T Mobility, LLC,
    No. CV 10-3594-CAS(Ex), 2011 WL 7409078 (C.D. Cal. Aug. 9, 2011) ...........................2

Khanna v. Am. Express Co.,
    No. 11 Civ. 6245 (JSR), 2011 WL 6382603 (S.D.N.Y. Dec. 14, 2011) ..................................8

Kilgore v. KeyBank, Nat'l Ass'n,
    673 F.3d 947 (9th Cir. 2012) ........................................................................................7

Livingston v. Associates Fin., Inc.,
    No. 01 C 1659, 2001 WL 709465 (N.D. Ill. June 25, 2001) ....................................4

Meyer v. T-Mobile USA Inc.,
    836 F. Supp. 2d 994 (N.D. Cal. 2011) ........................................................................2, 6

Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,
    460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ........................................2

Peleg v. Neiman Marcus Group, Inc.,
    204 Cal. App. 4th 1425 (2012) ....................................................................................8

Powell v. Central Cal. Fed. Sav. & Loan Ass'n,
    59 Cal. App. 3d 540 (1976) ..........................................................................................8

Reeners v. Verizon Commc'ns,
    No. 3-11-0573, 2011 WL 2791262 (M.D. Tenn. July 14, 2011) ........................2, 3

Reilly v. WM Fin. Servs.,
    95 Fed. Appx. 851 (9th Cir. 2004) ..............................................................................2

Rosendahl v. Bridgepoint Educ., Inc.,
    No. 11cv61 WQH (WVG), 2012 WL 667049 (S.D. Cal. Feb. 28, 2012) ..............3

Ross Sinclaire & Assocs. v. Premier Senior Living, LLC,
    No. 11-CV-5104 YGR, 2012 WL 2501115 (N.D. Cal. June 27, 2012) ..................3

Sanders v. Comcast Cable Holdings, LLC,
    No. 3:07-cv-918-J-33HTS, 2008 WL 150479 (M.D. Fla. Jan. 14, 2008) ..............6

Saturday Evening Post Co. v. Rumbleseat Press,
    816 F.2d 1191 (7th Cir. 1987) ......................................................................................2

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- iii -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Scott v. Harris,
    550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) ........................................4

Simula, Inc. v Autoliv, Inc.,
    175 F.3d 716 (9th Cir. 1999) .........................................................................................2

Taleb v. AutoNation USA Corp.,
    No. CV06-02013-PHX-NVW, 2006 WL 3716922 (D. Ariz. Nov. 13, 2006) ........................2

TradeHill, Inc. v. Dwolla, Inc.,
    No. C-12-1082 MMC, 2012 WL 1622668 (N.D. Cal. May 9, 2012)........................9

Tuers v. Chase Manhattan Bank USA,
    No. 07-6120–TC, 2008 WL 5045946 (D. Or. Nov. 24, 2008) ..................................6

Walters v. Chase Manhattan Bank,
    No. CV-07-0037-FVS, 2008 WL 3200739 (E.D. Wash. Aug. 6, 2008) ..................6

Wold v. Dell Fin. Servs.,
    598 F. Supp. 2d 984 (D. Minn. 2009) .........................................................................6

Wynne v. Am. Express Co.,
    No. 2:09-CV-00260-TJW, 2010 WL 3860362.........................................................8

**STATUTES**

9 U.S.C. § 4 ..........................................................................................................................1

Fed. R. Civ. P. 72(a) ...................................................................................................1, 9

Utah Code Ann. § 70C-4-102(1)-(2) .............................................................................8

- iv -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION.**

Plaintiff's Opposition to American Express's Motion for Review of Magistrate's Order Pursuant to Fed. R. Civ. P. 72(a) (the "Motion") confirms that the Magistrate's ruling is clearly erroneous and should be reversed.[1]

There is no dispute that, under the FAA and Ninth Circuit authority, Plaintiff is required to place the "making" of the Arbitration Agreement "in issue" before being allowed any discovery. See 9 U.S.C. § 4.  There is also no dispute that, in her Discovery Motion, Plaintiff failed to identify any factual issues concerning either the formation or enforceability of the Arbitration Agreement that warrant discovery.  Plaintiff's circular argument in the Opposition – that she lacks "access to evidence" and the "benefit of a fully developed record" because American Express submitted extensive evidence in support of the Arbitration Motion – does not create an "issue" requiring discovery.   (Id. at 1, 6.)  Indeed, Plaintiff's position is essentially that, whenever a motion to compel arbitration is filed, a party is entitled to pre-arbitration discovery merely by announcing his or her intention to oppose the motion or by raising vague "concerns" regarding "formation" and "unconscionability" (and even belatedly, as Plaintiff does in the Opposition).  Plaintiff is simply wrong, as a matter of law.

The Magistrate should not have permitted any arbitration-related discovery here.  Thus, American Express respectfully requests that the Court review and vacate the Magistrate's Order under Rule 72.

**II.     THE MAGISTRATE'S ORDER SHOULD BE REVERSED UNDER RULE 72(A).**

      **A.      Plaintiff Concedes That The Discovery Motion Did Not Identify Any Factual Issues Regarding The Making Of The Arbitration Agreement.**

Plaintiff essentially argues that, whenever a party moves to compel arbitration and submits evidence in support of said motion, the party opposing arbitration is entitled to discovery "targeted

---

[1] Unless otherwise specified, all capitalized terms have the same meaning as set forth in American Express's Memorandum of Points and Authorities in Support of Motion for Review of Magistrate's Order Pursuant to Fed. R. Civ. P. 72(a), dated May 22, 2012 (the "Motion") (Dkt. No. 22-1.)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

at fleshing out certain important facts," without ever raising an issue of material fact regarding the "making" of the agreement.  (Id. at 5.)  This argument, if upheld by the Court, would eviscerate the FAA's mandate "for a summary and speedy disposition of motions or petitions to enforce arbitration clauses" and to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."  Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 22, 29, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); see also Meyer v. T-Mobile USA Inc., 836 F. Supp. 2d 994, 1006 (N.D. Cal. 2011).  A party is not entitled to arbitration-related discovery simply by objecting to arbitration.  See, e.g., Kaplan v. AT&T Mobility, LLC, No. CV 10-3594-CAS(Ex), 2011 WL 7409078, at *1 (C.D. Cal. Aug. 9, 2011) (holding that, despite plaintiff's opposition to the pending motion to compel arbitration, "arbitration-related discovery is neither necessary nor proper and therefore denies plaintiff's request therefor.  No further briefing on the issue of discovery will be entertained.").

     In fact, on a motion to compel arbitration, courts in this Circuit will only permit arbitration-related discovery into "issues relating to the making and performance of the agreement to arbitrate" where "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue."  Simula, Inc. v Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4) (emphasis added).  The making of an arbitration agreement is only "in issue" if the party opposing arbitration identifies "a triable issue concerning the existence or scope of the [arbitration] agreement."  Reilly v. WM Fin. Servs., 95 Fed. Appx. 851, 852 (9th Cir. 2004) (quoting Saturday Evening Post Co. v. Rumbleseat Press, 816 F.2d 1191, 1196 (7th Cir. 1987)); see also Taleb v. AutoNation USA Corp., No. CV06-02013-PHX-NVW, 2006 WL 3716922, at *7 (D. Ariz. Nov. 13, 2006) (rejecting plaintiff's request for limited discovery in response to motion to compel arbitration and holding that the "burden [is] upon Plaintiff to identify a triable issue of material fact that places the enforceability of the Arbitration Agreement 'in issue'"); Hill v. Ins. Co. of the West, No. 10cv76 BTM (BLM), 2010 WL 1709325, at *3 (S.D. Cal. April 26, 2010) (requiring a "triable issue concerning the existence or scope of the [arbitration] agreement."); Reeners v. Verizon Commc'ns, No. 3-11-0573, 2011 WL 2791262, at *1 (M.D. Tenn. July 14,

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  2011) (denying pre-arbitration discovery where plaintiff "failed to show any disputed issues of fact

2  with regard to whether he entered into this [Arbitration] Agreement, whether it was valid, or

3  whether he made a knowing and voluntary waiver of his rights to a jury trial."); Advocat Inc. v.

4  Blanchard, No. 4:11CV00895 JLH, 2012 WL 1893735, at *6 (E.D. Ark. May 24, 2012) (denying

5  pre-arbitration discovery where plaintiff "offered no reasonably specific allegation as to what facts

6  he hopes to discover which would undermine the validity of the [arbitration] agreement.").[2]

7        The requirement that a party seeking pre-arbitration discovery demonstrate the existence of

8  an issue of material fact is based on the summary judgment standard applicable to motions to

9  compel arbitration.  See Ross Sinclaire & Assocs. v. Premier Senior Living, LLC, No. 11-CV-5104

10  YGR, 2012 WL 2501115, at *5 (N.D. Cal. June 27, 2012) ("When considering a motion to compel

11  arbitration, a court applies a standard similar to the summary judgment standard of Fed. R. Civ. P.

12  56.") (quoting Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004)).  Thus,

13  once the moving party has satisfied its initial burden to show that there are no genuine issues of

14  material fact, "the opposing party may not rely on denials in the pleadings but must produce

15  specific evidence, through affidavits or admissible discovery material, to show that the dispute

16  exists."  Bhan, C.R.N.A. v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); see also Bhatia

17  v. Johnston, 818 F.2d 418, 421-22 (5th Cir. 1987) (stating that self-serving affidavits do not amount

18  to the type of evidence required to call the "making of the arbitration" agreement into question).[3]

19  ────────────

20  [2] Indeed, in Granite Rock Co. v. Int'l Bd. of Teamsters, 516 U.S. __, 130 S. Ct. 2847, 117 L. Ed. 2d 567 (2010), cited by Plaintiff, the Supreme Court held that, on a motion to compel arbitration, "the

21  court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce."  Id. at 2856 (emphasis added). Here, Plaintiff has failed to raise any issue "that calls into question" either the formation or

22  enforceability of the Arbitration Provision.

23  [3] As the party purportedly opposing arbitration, it is Plaintiff's burden to prove that the Arbitration Provision is unenforceable.  See Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91, 121 S.

24  Ct. 513, 148 L. Ed. 2d 373 (2000).  Additionally, since federal statutory claims are at issue, the burden lies with Plaintiff "to show that Congress intended to preclude a waiver of a judicial forum"

25  for his claims.  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991).  Finally, while American Express bears the initial "burden of proving the

26  existence of a valid arbitration agreement by the preponderance of the evidence . . . [Plaintiff] bears the burden of proving by a preponderance of the evidence any fact necessary to its defense."

27  Rosendahl v. Bridgepoint Educ., Inc., No. 11cv61 WQH (WVG), 2012 WL 667049, at *6 (S.D. Cal. Feb. 28, 2012) (citation omitted).

28
                                    - 3 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    In the Arbitration Motion, American Express demonstrated:  (1) the existence of the

2  Arbitration Provision with detailed supporting evidence; (2) the validity of the Arbitration

3  Provision under Utah law; and (3) that Plaintiff's purported claims under the TCPA fall within the

4  Arbitration Provision's broad scope and are subject to arbitration.  Plaintiff's Discovery Motion

5  offered <u>nothing</u> in the way of a substantive response.  Plaintiff did not raise any defense to

6  arbitration or issue of material fact regarding either the existence or validity of the Arbitration

7  Provision.  Instead, Plaintiff merely asserted that discovery is appropriate due to the "fact-

8  dependent" nature of contract formation and enforceability generally.  Having failed to place the

9  "making" of the Arbitration Provision "in issue," Plaintiff thus failed to carry her burden to show

10  that she needs discovery to respond to the Arbitration Motion.[4]  The Magistrate should have denied

11  the Discovery Motion.

12    In her Opposition here, Plaintiff responds to the above with a proverbial shrug, asserting

13  that <u>American Express</u> somehow placed formation "in issue when, in its motion to compel

14  arbitration, it submitted a lengthy and detailed declaration from an American Express

15  representative knowledgeable about American Express's policies and procedures for credit card

16  agreements and notifying class members of any potential changes."  (Opposition at 6.)  Plaintiff

17  cites no legal authority for the absurd proposition that the party seeking arbitration places the

18  making of an arbitration agreement "in issue" by submitting "lengthy and detailed" evidence in

19  support of its motion to compel arbitration.  <u>See, e.g.</u>, <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127 S. Ct.

20  1769, 167 L. Ed. 2d 686 (2007) (opposing party "must do more than simply show that there is

21  some metaphysical doubt as to the material facts."); <u>In re Oracle Corp. Sec. Litig.</u>, 627 F.3d 376,

22

23

24  [4] <u>Livingston v. Associates Fin., Inc.</u>, No. 01 C 1659, 2001 WL 709465 (N.D. Ill. June 25, 2001),
25  cited by Plaintiff, is completely inapposite.  In <u>Livingston</u>, the court allowed limited discovery
     regarding the costs of arbitration based on plaintiffs' argument in opposition to a motion to compel
26  arbitration that the costs of arbitration are prohibitively expensive.  <u>Id.</u> at *2.  Here Plaintiff makes
     no such argument, and even if she had, the Ninth Circuit has held that arguments based on the
27  alleged "prohibitive cost" of individual arbitration are precluded under <u>AT&T Mobility</u>.  <u>See</u>
     <u>Coneff v. AT&T Corp.</u>, 673 F.3d 1155, 1159 (9th Cir. 2012).

28
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

387 (9th Cir. 2010) (opposing party must "designate specific facts demonstrating the existence of genuine issues for trial.").

Thus, Plaintiff's assertions that, "[g]iven the fact-intensive nature of this inquiry, the enforceability of the provisions should not be resolved on the pleadings alone" and that Plaintiff has "no access to evidence" are simply wrong.  (Opposition at 6.)  The Arbitration Motion will <u>not</u> be decided on the "pleadings alone" but rather on both the pleadings and undisputed evidence that American Express submitted in support of the Arbitration Motion, which constitutes the "fully developed record" that Plaintiff asserts is required.  (<u>Id.</u>)

In sum, it was Plaintiff's burden to raise a genuine issue of material fact with regard to either the formation or enforceability of the Arbitration Agreement to justify arbitration-related discovery.  Plaintiff failed to do so and, thus, is not entitled to any discovery.

**B.** **Plaintiff's Belated Attempt To Raise Factual Issues In The Opposition Also Fails.**

Plaintiff's scattershot effort to bolster the fatal deficiencies of her Discovery Motion in the Opposition, even if considered by this Court, fails to demonstrate that pre-arbitration discovery is warranted.

**1.** **Plaintiff Still Fails To Place The Formation Of The Arbitration Provision "In Issue."**

In the Opposition, Plaintiff for the first time "denies having seen or received many of the various billing inserts and other materials that American Express avers it sent to her, purportedly amending the terms of her agreement."  (Opposition at 5.)  Plaintiff does not submit an affidavit either denying receipt or describing which "materials" she allegedly failed to see or receive, or any evidence of non-receipt whatsoever.  Even if Plaintiff had submitted an affidavit, however, the mere denial of receipt is insufficient to rebut the presumption that Plaintiff received the Arbitration Provision.  Indeed, "it is not sufficient for the party opposing arbitration to utter general denials of the facts on which the right to arbitration depends."  <u>Grabowski v. Robinson</u>, 817 F. Supp. 2d 1159, 1168 (S.D. Cal. 2011).  Plaintiff's vague and conclusory allegation of non-receipt, raised for the first time in her Opposition, therefore is insufficient to warrant discovery.  <u>See</u> <u>Daniel v. Chase</u>

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 5 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   Bank USA, N.A., 650 F. Supp. 2d 1275, 1289 (N.D. Ga. 2009) (holding that, "[w]hile plaintiff

2   denies that he received any amendment to the original agreement, he has presented no evidence to

3   contradict defendant's proof that it sent the notices of amendment," and that "[m]ere denial of

4   receipt on the part of plaintiff does not raise a jury issue regarding whether the notices were

5   mailed"); Wold v. Dell Fin. Servs., 598 F. Supp. 2d 984, 988 (D. Minn. 2009) ("Denial of receipt

6   of an agreement with an arbitration clause is not sufficient to overcome the presumption of

7   receipt."); Tuers v. Chase Manhattan Bank USA, No. 07-6120–TC, 2008 WL 5045946, at *3 (D.

8   Or. Nov. 24, 2008) (holding that plaintiff's "unsupported statement that he did not receive" notice

9   of change in terms containing amended arbitration agreement was "insufficient to rebut defendant's

10  evidence that a notice was sent and received"); Walters v. Chase Manhattan Bank, No. CV-07-

11  0037-FVS, 2008 WL 3200739, at *3 (E.D. Wash. Aug. 6, 2008) (holding that "self-serving

12  declaration" denying receipt of arbitration change-in-terms notice was insufficient to defeat

13  summary judgment); Sanders v. Comcast Cable Holdings, LLC, No. 3:07-cv-918-J-33HTS, 2008

14  WL 150479, at *6 (M.D. Fla. Jan. 14, 2008) (holding that plaintiffs' affidavits denying receipt of

15  arbitration notices failed to create genuine issue of fact where notices were mailed in same

16  envelope as account bills, which were paid).

17      In addition, Plaintiff's argument that she needs discovery of "communications" between

18  American Express and "class members" regarding notices of change-in-terms should be rejected.

19  (Opposition at 5.)  In support of the Arbitration Motion, American Express provided undisputed

20  evidence that Plaintiff was provided with the Cardmember Agreement, Arbitration Provision and

21  all subsequent changes thereto and used the Account after receiving these materials, thereby

22  accepting the terms of the Cardmember Agreement under Utah law.  (See Arbitration Motion at 11-

23  12 (Dkt. No. 6-1).)  Plaintiff does not explain – nor could she – how discovery regarding

24  "communications" between American Express and other unrelated cardmembers is relevant to the

25  "formation" of Plaintiff's agreement to arbitrate.  See Meyer, 836 F. Supp. 2d at 1007 (denying

26  discovery concerning the validity of "all agreements, disputes, arbitrations and lawsuits relating to

27  T-Mobile customers in California *other than Plaintiff*. . . ."); Hibler v. BCI Coca-Cola Bottling Co.

28

1  *of Los Angeles*, No. 11-CV-298 JLS (NLS), 2011 WL 4102224, at *2 (S.D. Cal. Sept. 14, 2011)

2  (holding that "because the circumstances surrounding the making of the arbitration agreement are

3  unique to Plaintiff, he also is not entitled to classwide discovery at this juncture.").

### 2. Plaintiff Also Still Fails To Place The Enforceability Of The Arbitration Provision "In Issue."

5  Plaintiff's contentions regarding the alleged "unconscionability" of the Arbitration

6  Provision are baseless and do not raise any "issue" supporting arbitration-related discovery.

7  <u>First</u>, it is no argument at all that Plaintiff needs discovery because American Express

8  "seeks to force Plaintiff to individually arbitrate her claim" and has submitted "lengthy factual

9  recitations aimed at forcing individualized arbitration."  (Opposition at 5-6.)  Indeed, as the Ninth

10  Circuit has expressly held, in <u>AT&T Mobility v. Concepcion</u>, 565 U.S. __, 131 S. Ct. 1740, 179 L.

11  Ed. 2d 742 (2011), "the [United States Supreme Court] observed that individualized proceedings

12  are an inherent and necessary element of arbitration, and concluded that a rule banning class-action

13  waivers is therefore impermissible:  'Requiring the availability of classwide arbitration interferes

14  with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA.'"

15  <u>Coneff</u> , 673 F.3d at 1158 (quoting <u>AT&T Mobility</u>, 131 S. Ct. at 1748).  Thus, the issue is <u>not</u>

16  whether "any discovery" regarding unconscionability is barred after <u>AT&T Mobility</u>, but whether

17  the discovery that Plaintiff seeks in this case pertains to defenses that apply only to arbitration and

18  derive their meaning from the fact that an agreement to arbitrate is at issue.  <u>Kilgore v. KeyBank,</u>

19  <u>Nat'l Ass'n</u>, 673 F.3d 947, 963 (9th Cir. 2012) (quoting <u>AT&T Mobility</u>, 131 S. Ct. at 1746).

20  Plaintiff's Opposition confirms that this is indeed the case.

21  <u>Second</u>, Plaintiff vaguely asserts that the "matters encompassed by the ordered discovery

22  relate to unconscionability" because "arbitration is only appropriate 'so long as the prospective

23  litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum'

24  allowing the statute to service its purposes."  (Opposition at 8.)  Plaintiff here, though, does not

25  claim that she cannot "vindicate" her alleged statutory rights in arbitration and, thus, has failed to

26  show that any discovery is needed on this purported "issue."  Furthermore, "vindication of rights"

27  defenses to arbitration based on "prohibitive costs" or other such policy grounds are barred under

28

- 7 -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO RULE 72
Case No. 3:11-cv-01822-BTM-BGS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

AT&T Mobility.  See Coneff, 673 F.3d at 1159; see also Khanna v. Am. Express Co., No. 11 Civ. 6245 (JSR), 2011 WL 6382603, at *4 (S.D.N.Y. Dec. 14, 2011) (rejecting plaintiffs' argument that arbitration would prevent them from "vindicating their rights under RICO" since there was no evidence that plaintiffs could not vindicate their own rights and cited no authority requiring that they have the ability to vindicate the rights of others).

Third, Plaintiff's argument that the Arbitration Provision was "unilaterally added to the terms of Plaintiff's agreement after she had already formed the agreement" fails as a matter of law. (Opposition at 5.)  Under Utah law, unilateral change-in-terms provisions are fully enforceable. See Utah Code Ann. § 70C-4-102(1)-(2) (authorizing changes-in-terms to credit agreements, including through the addition of an arbitration clause, after notice to the cardholder); Wynne v. Am. Express Co., No. 2:09-CV-00260-TJW, 2010 WL 3860362, a t *5 (E.D. Tex. Sept. 30, 2010) ("Utah law expressly allows change-in-terms provisions in credit cards.  Thus, Wynne's contention that the unilateral change-in-terms provision makes the arbitration provision invalid is clearly contrary to Utah law.") (citation omitted).  Furthermore, even if California law applied, a provision allowing unilateral amendment does not render an arbitration agreement "illusory" or otherwise unenforceable because California courts imply a duty of good faith and fair dealing to any amendment.  See Peleg v. Neiman Marcus Group, Inc., 204 Cal. App. 4th 1425, 1463-66 (2012); see also 24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App. 4th 1199, 1204 (1998); James G. Freeman & Assocs., Inc. v. Tanner, 56 Cal. App. 3d 1, 10 (1976); Powell v. Central Cal. Fed. Sav. & Loan Ass'n, 59 Cal. App. 3d 540, 549 (1976).

Fourth, Plaintiff argues that she needs discovery as to whether the Arbitration Agreement is "so one-sided in favor of American Express that it is substantively unconscionable" because "it is highly improbable that American Express has filed any class actions against its own cardholders." (Opposition at 7.)  This argument is barred by AT&T Mobility because it challenges the validity of the Arbitration Provision based on the class action waiver clause.  Furthermore, the Arbitration Provision is binding on both Plaintiff and American Express and requires each to arbitrate all claims upon the election of the other party.  Because the promises in the Arbitration Provision are

- 8 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   mutual, there is no substantive unconscionability as a matter of law, and therefore, no discovery is

2   warranted on this alleged "issue."  See, e.g., TradeHill, Inc. v. Dwolla, Inc., No. C-12-1082 MMC,

3   2012 WL 1622668, at *4 (N.D. Cal. May 9, 2012).

4       Finally, Plaintiff's general recitation of procedural and substantive unconscionability under

5   Utah and California law only proves why Plaintiff is not entitled to discovery.  (Opposition at 8-9.)

6   Arbitration-related discovery may not be based on theoretical defenses to arbitration.  Rather, as

7   demonstrated herein, it is Plaintiff's burden to raise a specific issue of fact regarding the "making"

8   of the Arbitration Provision before any discovery will be allowed.  Plaintiff has indisputably failed

9   to do so.  The Magistrate's Order permits Plaintiff to conduct a fishing expedition in the absence of

10  any challenge either to the formation or enforceability of the Arbitration Provision or explanation

11  of what specific, material facts discovery would likely disclose.  This ruling is clearly erroneous

12  and should be reversed.

### III.   CONCLUSION

14      For the foregoing reasons and those set forth in the Motion, American Express respectfully

15  requests that the Court grant this Motion and set aside or modify the Order pursuant to Rule 72(a).

16

17  Dated:  July 20, 2012                    Respectfully submitted,

18                                           STROOCK & STROOCK & LAVAN LLP
                                             JULIA B. STRICKLAND
19                                           LISA M. SIMONETTI
                                             JASON S. YOO
20

21

22                                           By:_____/s/Lisa M. Simonetti_____
                                                          Lisa M. Simonetti
23
                                             Attorneys for Defendant
24                                               AMERICAN EXPRESS COMPANY

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, a copy of the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO FED. R. CIV. P. 72(A)** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

By:     */s/Lisa M. Simonetti*
          Lisa M. Simonetti