# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN O'BRIEN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN EXPRESS COMPANY,<br><br>    Defendant. | Case No. 11cv01822 BTM (BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF MAGISTRATE'S ORDER AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

    Plaintiff Karin O'Brien brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant American Express contacted her and others similarly situated by telephone without express prior consent and in violation of the TCPA. In October 2011, Defendant filed a motion to compel arbitration based on the arbitration provision in the "Cardmember Agreement" between Plaintiff and Defendant (Doc. 6). The motion hearing date on the motion to compel arbitration was postponed, pending the resolution of a dispute between the parties regarding Plaintiff's request for discovery on the making of the arbitration agreement and on whether the agreement is unconscionable. On May 8, 2012, Magistrate Judge Bernard Skomal granted Plaintiff's request for limited discovery. Pending before the Court is Defendant "Motion for Review of Magistrate's Order Pursuant to Fed. R. Civ. P. 72(a)" (Doc. 22), as well as the original motion to compel arbitration.

When considering objections to a magistrate judge's non-dispositive discovery order under Fed. R. Civ. P. 72(a), the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." A magistrate judge's non-dispositive order "is entitled to great deference by the district court." United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001).

The Federal Arbitration Act ("FAA") "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 29 (1983), and therefore discovery in connection to a motion to compel arbitration is available "only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999) (citations omitted). "[T]he making of the arbitration agreement is in issue if the plaintiff alleges that the arbitration clause was fraudulently induced, that one party had overwhelming bargaining power, or that the agreement does not exist." Hibler v. BCI Coca-Cola Bottling Co. of L.A., No. 11cv00298 JLS (NLS), 2011 WL 4102224, at *1 (S.D. Cal. Sept. 14, 2011).

Magistrate Judge Skomal found that the allegations in Plaintiff's motion sufficiently placed the making of the agreement in issue, such that limited "discovery is relevant to the formation or making of the agreement[.]" (Doc. 20 at 3.) The Court finds no clear error in this determination or in Magistrate Judge Skomal's decision to grant seven limited requests for document discovery (Doc. 20 at 7-10), and, accordingly, **DENIES** Defendant's Rule 72(a) motion. The parties shall complete the discovery ordered by Magistrate Judge Skomal within 60 days of the entry of this order. Any disputes regarding the scope or content of discovery shall be referred to Magistrate Judge Skomal.

The Court also notes that as a result of the ongoing discovery dispute between the parties, over ten months have elapsed since the filing of the original motion to compel arbitration. The Court finds that the presentation of the issues presented by the motion to compel arbitration would be assisted by the development of the factual record through limited discovery, and by updated legal briefing incorporating relevant legal authorities issued within

the past year. Accordingly, the Court **DENIES** Defendant's motion to compel arbitration without prejudice, and with leave to reinstate the motion within 30 days of the close of the 60-day discovery period. Any reinstated motion to compel arbitration will be set for hearing on Friday, January 18, 2013, at 11:00 a.m. **There shall be no oral argument unless requested by the Court.** Plaintiff shall file any opposition to Defendant's reinstated motion to compel arbitration on or before January 4, 2013, and Defendant shall file any reply on or before January 11, 2013.

**IT IS SO ORDERED.**

DATED: August 21, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court